ANNA GROSSER, Respondent, *v.* THE CITY OF ROCHESTER et al., Appellants.

HUSBAND AND WIFE — TENANTS BY THE ENTIRETY — RIGHT OF THE WIFE TO RESTRAIN INJURY TO FREEHOLD. When a husband and wife are seized of an estate as tenants by the entirety, a proceeding by a municipality to condemn a right of way for a sewer across the premises, in which notice is served upon the husband alone and he only appears, and which results in an award to him, does not bind the wife's interest or confer any right in the land as to her; and she can, by force of the Married Woman's Acts, maintain an action, during the life of her husband, to restrain the construction of the sewer, as a threatened permanent injury to the freehold which will interfere with her possession.

Mem. of decision below, 66 Hun, 636.

(Argued January 10, 1896; decided January 21, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 18, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. J. Rodenbeck* for appellants. Plaintiff was a party to the condemnation proceedings and cannot maintain this action. (Laws of 1882, chap. 120, § 19; *Leavitt* v. *Cruger*, 1 Paige Ch. 421; *F., etc., Bank* v. *Gregory*, 49 Barb. 155; *Foot* v. *Lathrop*, 53 Barb. 183, 185; *Ferguson* v. *Smith*, 2 Johns. Ch. 138; *Eckerson* v. *Vollmer*, 11 How. Pr. 42; *Watson* v. *Church*, 3 Hun, 80; *Lathrop* v. *Heacock*, 4 Lans. 1, 3; Laws of 1880, chap. 14, § 175; *McNally* v. *City of Cohoes*, 127 N. Y. 353; Lewis on Em. Dom. §§ 347, 367; *In re Mayor, etc., of New York*, 99 N. Y. 581.) Plaintiff's interest in the land in question, as tenant by the entirety, is not such as to entitle her to maintain this action. (*Bertles* v. *Nunan*, 92 N. Y. 156; *Coleman* v. *Bresnahan*, 54 Hun, 619.)

*T. D. Wilkin* for respondent. The plaintiff was not a party to the proceedings to acquire a right of way through

the premises described in the complaint, nor was her interest in the premises acquired. (Laws of 1880, chap. 14; Laws of 1882, chap. 120, § 19; *In re Mayor, etc.;* 27 N. Y. S. R. 188; *In re Kingsbridge Road,* 4 Hun, 599; 62 N. Y. 645; *In re Comrs. of Central Park,* 4 Lans. 467; *In re Canal & Walker Streets,* 12 N. Y. 406; Sutherland on Stat. Const. § 245; *Pearson* v. *Lovejoy,* 53 Barb. 411; *Minor* v. *Clark,* 15 Wend. 429; *Gilbert* v. *C. T. Co.,* 3 Johns. 107; *Lane* v. *Carey,* 19 Barb. 539; *McEwen* v. *M. C. M. Ins. Co.,* 5 Hill, 104; Lewis on Em. Dom. §§ 327, 371, 372; *Watson* v. *N. Y. C. R. R. Co.,* 47 N. Y. 162; *Grosser* v. *City of Rochester,* 60 Hun, 379; *Taggert* v. *Rogers,* 49 Hun, 265; *White* v. *Coulter,* 59 N. Y. 629; *In re N. F. R. R. Co.,* 46 Hun, 94; *Craig* v. *Town of Andes,* 93 N. Y. 405; *In re B., H. T. & W. R. Co.,* 79 N. Y. 71.) The construction and maintenance of the sewer through plaintiff's premises will be and constitutes a permanent and irreparable injury. (*Richards* v. *Downer,* 64 Cal. 62; High on Injunctions, 702, 703.) The plaintiff, not having been made a party to the proceedings to acquire a right of way, and no compensation having been made her, the injury to the premises being permanent and irreparable, she can maintain the action to restrain the entry and construction and maintenance of the sewer. (Bishop on Married Women, § 621; 1 Wash. on Real Prop. 706; 2 Kent's Comm. 130–132; *Barber* v. *Harris,* 15 Wend. 615; *Bishop* v. *Blair,* 36 Ala. 80; *Rugston* v. *Ruyston,* 28 Ga. 161; *Trask* v. *Patterson,* 29 Maine, 499; *Bertles* v. *Nunan,* 92 N. Y. 156; *Jackson* v. *McConnell,* 19 Wend. 175; *Ames* v. *Norman,* 4 Sneed, 683; *Fairchild* v. *Chastelleux,* 1 Barr, 176; *Mattock* v. *Stearns,* 9 Vt. 326; High on Injunc. §§ 687, 1387; *Stroebe* v. *Fell,* 22 Wis. 337; *Babb* v. *Pearley,* 1 Maine, 6; *Cannon* v. *Barry,* 59 Miss. 289; *Coward* v. *Meyers,* 99 N. C. 198.) The plaintiff can protect her estate in her own name, under section 450 of the Code of Civil Procedure. (*Minier* v. *Minier,* 4 Lans. 421; *Baum* v. *Mullin,* 47 N. Y. 579.) Injunction is the proper remedy. (High on Injunc. § 704; *Southmayd* v. *McLaughlin,* 9 C.

E. Green, 181; *Mitchel* v. *Dors*, 6 Ves. 147; *Hanson* v. *Gardner*, 7 Ves. 309; *Twort* v. *Twort*, 16 Ves. 130; *Earl Cowper* v. *Baker*, 17 Ves. 128; *Thomas* v. *Oakley*, 18 Ves. 186.)

HAIGHT, J. This action was brought to restrain the city of Rochester and its contractor from constructing a sewer across the plaintiff's premises. The premises in question were conveyed to the plaintiff and her husband and are occupied by them as a residence. Under the deed they each became seized of an estate as tenants by the entirety. Prior to the commencement of this action the city of Rochester instituted proceedings to condemn a right of way for a sewer across the premises, but gave notice thereof to the plaintiff's husband only. Such proceedings resulted in the making of an award to the husband, which was paid into court. The city by its contractor then threatened to enter into possession of the premises to construct the sewer and thereupon this action was brought.

We fully agree with the learned referee and with the court below, that the notice served upon the husband and his appearance in the proceeding did not make the wife a party nor bind her interest in the premises, and that as to her the city acquired no right in the land.

It is contended, however, on behalf of the city that the sewer would not work a permanent injury to the freehold; that the husband was entitled to the benefit, use, possession and control of the land during the joint lives of himself and wife, and, having such possession and control, he had the right and power to grant to the city the right to construct the sewer across the premises and maintain it during his life; that the plaintiff's rights have not been infringed, and that no action can be maintained by her until she shall become vested with the absolute and entire estate as survivor of her husband.

When land is conveyed to husband and wife they each become seized of the entirety, and upon the death of either

the whole survives to the other. We are aware that, by the common law, the husband before the death of his wife could possess and control the land and take all the profits thereof for his own benefit. (*Bertles* v. *Nunan*, 92 N. Y. 152.) This right, however, followed the conveyance and inured to the husband under the general principle of the common law, and was not acquired by reason of the creation of a tenancy by the entirety. So that, when the disability of the wife was removed under the Married Woman's Act of 1848, and subsequent acts, she was thereafter permitted to have, hold and enjoy whatever estate came to her by devise or conveyance, and the husband's right to the sole occupancy and possession terminated. Thereafter she became entitled to hold, enjoy and possess with him as if she were a tenant in common. (*Hiles* v. *Fisher*, 144 N. Y. 306.)

The construction of a sewer across the premises in question is a permanent injury and interferes with plaintiff's possession. It consequently follows that she has a present right to maintain the action.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.