(160 App. Div. 349)

GOODRICH v. VILLAGE OF OTEGO.

(Supreme Court, Appellate Division, Third Department.    January 21, 1914.)

1. HUSBAND AND WIFE (§ 14*)—CONVEYANCE TO HUSBAND AND WIFE—TENANCY BY ENTIRETY.

Under the common law, a husband and wife taking an estate in fee are neither joint tenants nor tenants in common, but are tenants by the entirety, and neither can dispose of any part thereof without the consent of the other, but the whole remains to the survivor; and such rule has not been abrogated by the statute providing that every estate created or devised two or more persons shall be a tenancy in common unless declared to be a joint tenancy, nor by the Legislature in reference to the property of married women.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71–86, 88, 89; Dec. Dig. § 14.*]

2. HUSBAND AND WIFE (§ 14*)—CONVEYANCE TO HUSBAND AND WIFE—TENANCY IN COMMON—USUFRUCT.

Although under a conveyance to a husband and wife they take as tenants by the entirety, yet, as the right of the husband to rents and profits

———

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 639.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his wife's lands during their joint lives has been abolished by statute, he is not exclusively entitled to the usufruct of the land as to which they are tenants in common; each being entitled to one-half of the rents and profits so long as survivorship is in abeyance, and the usufruct being incidental to the marital rights.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71–86, 88, 89; Dec. Dig. § 14.*]

3. MUNICIPAL CORPORATIONS (§ 385*)—CHANGE OF GRADE—DAMAGES TO ABUTTING OWNER.

Except as the statute may provide for compensation to an abutting owner whose land is injured by a change in the grade of a street, he is without remedy.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

4. MUNICIPAL CORPORATIONS (§ 398*)—CHANGE OF GRADE—CLAIM FOR DAMAGES.

A husband being entitled, as tenant in common with his wife, to the rents and profits of land held by them as tenants by the entirety, is entitled to present his claim, apart from that of his wife, for damages thereto by change of a street grade, as provided by Village Law (Consol. Laws, c. 64) § 159, subject to an allowance for any benefits from the improvement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 953–957; Dec. Dig. § 398.*]

5. HUSBAND AND WIFE (§ 14*)—TENANCY BY ENTIRETY—EFFECT OF TRANSFER.

Where a husband and wife hold land as tenants by the entirety, the transfer of the interest of either will not sever the tenancy nor affect the other's right in the freehold, and, in case of the prior death of the transferror, all title and interest of the transferee are immediately divested and vested in the survivor.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71–86, 88, 89; Dec. Dig. § 14.*]

6. MUNICIPAL CORPORATIONS (§ 402*)—DAMAGES FOR CHANGE OF STREET GRADE—ALLOWANCE FOR FEE.

Commissioners to appraise damages from a change of street grade to the interest of a husband in land held by him and his wife as tenants by the entirety, he being entitled to the rents and profits as a tenant in common with his wife, should find the compensation to which he is entitled and also the compensation to which the owner of the fee is entitled.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

Appeal from Special Term, Otsego County.

Petition by Austin L. Goodrich against the Village of Otego, N. Y., for the appointment of commissioners to appraise damages for a change of street grade. From an order appointing commissioners, the village appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Tilley Blakely, of Otego, for appellant.

L. F. Raymond, of Franklin (C. L. Andrus, of Stamford, of counsel), for respondent.

LYON, J. The important question involved upon this appeal is whether one of the owners of an estate in entirety can institute and

maintain a proceeding for an assessment of damages to property so owned, without the cotenant being a party to the proceeding.

Since 1904, the respondent and his wife, Flora C. Goodrich, have been the owners and in possession as tenants by the entirety of real estate situated upon the easterly side of River street in the village of Otego, N. Y. In 1911 the village, which had exclusive control and jurisdiction of the streets therein, macadamized River street, making a radical change in the grade thereof, opposite the premises so owned and occupied by the respondent and his wife. Thereupon the respondent, pursuant to the provisions of section 159 of the Village Law (Consol. Laws, c. 64; Laws of 1909, c. 64), presented to the trustees of said village a claim for damages "sustained by claimant to his real property situated on the east side of River street in said village, in the sum of $500, which damages were occasioned by the change of the grade of said street in front of said premises, thereby injuriously affecting the value of the same."

Section 159 of the Village Law (Consol. Laws, c. 64), so far as is material to be noticed here, provided:

"If such change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade, to the extent of the damage resulting therefrom shall be deemed the taking of such adjacent property for public use. A person claiming damages from such change of grade must present to the Board of Trustees a verified claim therefor within sixty days after such change of grade is effected. The board may agree with such owner upon the amount of damages to be allowed to him, or make to him a verified offer to settle or compromise such claim. If no agreement be made within thirty days after the presentation of the claim, the person presenting it may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled * * * all proceedings subsequent to the appointment of the commissioners shall be taken in accordance with the provisions of the condemnation law, so far as applicable, except that the commissioners in fixing their award must make an allowance for benefits, if any, derived by the claimant from such improvement. The amount agreed upon for such damages, or the award therefor, together with the costs, if any, allowed to the claimant, shall be a charge against such village."

Respondent's wife did not join in the claim of respondent nor present any claim whatever, and probably her right to do so is now barred by the statute. The respondent and the village trustees having been unable to arrive at an agreement as to the amount of such damages, the respondent by petition asked the appointment of three commissioners to determine the compensation to which the petitioner was entitled by reason of such change of grade. The appellant thereupon interposed an answer putting in issue the allegations of ownership of said premises by respondent, that the improvements to said street amounted to a change of grade, and that the alleged change of grade had injuriously affected said premises. Thereupon trial of the issues was had, the court finding that said premises were owned by the respondent and his wife as tenants by the entirety; and that the village had made a change in the grade of the street, which had injuriously affected said premises. The court held that the respondent was entitled to the appointment of commissioners to determine the amount of the damages sustained by

him by reason of such change of grade. The court thereupon granted an order appointing three commissioners of appraisal. It is from such order that this appeal has been taken. At the close of respondent's evidence the appellant moved to dismiss the proceeding upon the ground that the notice of claim was filed upon the part of the petitioner only, and not in conjunction with his wife; and at the close of the trial the appellant requested the court to find as a conclusion of law that Flora C. Goodrich was a necessary party to the proceeding, and that the failure to join her as a party was a bar to its maintenance. The court denied both the motion and request to which the appellant duly excepted. The evidence fully warranted the decision of the learned trial judge that a change of grade had been made by the village authorities, and that the same injuriously affected the premises in question. As the facts relative to these two issues, and the authorities bearing upon the legal questions thereby involved, are practically the same as in the case of Hunt v. Village of Otego, 145 N. Y. Supp. 495, the opinion in which is handed down herewith, further discussion of those matters is not necessary.

[1] Under the common law:

"If an estate in fee be given to a man and his wife, they are neither properly joint tenants, nor tenants in common; for husband and wife, being considered as one person in law, cannot take the estate by moieties, but both are seised of the entirety, per tout et non per my, the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." 2 Black. Com. 182; Torrey v. Torrey, 14 N. Y. 430.

Where land is conveyed to a husband and wife without any express restriction as to the character of their holdings, they take as tenants of the entirety. Seisin by the entirety does not create a joint tenancy either in substance or form. Jackson v. McConnell, 19 Wend. 175, 32 Am. Dec. 439.

This common-law doctrine that, under a conveyance to a husband and wife jointly, they take as tenants by the entirety, has not been abrogated by the statute providing that every estate granted or devised to two or more persons in their own right shall be a tenancy in common unless expressly declared to be a joint tenancy, nor by the legislation in reference to the rights and property of married women. Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361.

"At common law husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. These two individuals, by reason of this relationship, took the whole of the estate between them, and each was seised of the whole and not of an undivided portion. They were thus seised of the whole because they were legally but one person. Death separated them, and the survivor still held the whole because he or she had always been seised of the whole, and the person who died had no estate which was descendible or devisable." Stelz v. Shreck, 128 N. Y. 263, 28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475.

[2] While therefore the acts relating to the rights of married women have not abrogated the common-law doctrine of tenancy by the entirety, and under a conveyance to a husband and wife they take not as tenants in common or joint tenants, but by the entirety, and upon

the death of either the survivor takes the whole estate, as the right of the husband to the rents and profits of the wife's lands during their joint lives has been completely swept away by said statutes, he is not exclusively entitled to the usufruct of the lands so held by them in entirety, but they are tenants in common or joint tenants of the use, each being entitled to one-half of the rents and profits, so long as the question of survivorship is in abeyance. The usufruct was not incident to the vesting of title, but of the marital right, and hence is not attached and does not follow the fee damage. Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Buttlar v. Rosenblath, 42 N. J. Eq. 651, 9 Atl. 695, 59 Am. Rep. 52.

When a husband and wife are seised of an estate as tenants by the entirety, a proceeding by a municipality to condemn a right of way for a sewer across the premises, in which notice is served upon the husband alone and he only appears, and which results in an award to him, does not bind the wife's interest or confer any right in the land as to her; and she can maintain an action, during the life of her husband, to restrain the construction of the sewer, as a threatened permanent injury to the freehold which will interfere with her possession. Grosser v. City of Rochester, 148 N. Y. 235, 42 N. E. 672.

[3] Except as some statute may provide for compensation to an abutting owner whose land is injured by a change in the grade of a street, lawfully made, he is without remedy, and, however serious his damages may be, he can receive no compensation. Dillon's Municipal Corporations, § 990, etc.; Radcliffe's Ex'rs v. The Mayor, 4 N. Y. 195, 53 Am. Dec. 357; Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821.

[4] It is evident, from the foregoing authorities, that as to the right of possession and use of the premises the respondent and his wife are tenants in common; that the wife, having failed to present a claim for damages as provided by section 159 of the Village Law, is without remedy; that the respondent having duly presented his claim is entitled to be awarded the damages, if any, to the value of the use and occupation of the premises, sustained by him as a tenant in common thereof, subject to an allowance for any benefits derived by him from such improvement. Therefore the order appealed from appointing commissioners to appraise the damages sustained by the respondent was, at least as to his right of use of the premises, properly granted, and hence should be affirmed.

[5] As to the damages to the fee, tenancy by the entirety is founded upon the oneness of husband and wife. Neither alone is possessed of the fee, but together they constitute one person, and as such hold by the entirety. Each is a tenant in common of the use during the period of their joint lives, with a contingent remainder in fee dependent upon survivorship. Acting in conjunction, they may convey a fee title in possession. Neither can deal with the entirety estate in derogation of the other's right of survivorship. The transfer of the tenant's interest will not sever the tenancy nor affect the other tenant's right in the freehold; and, in case of the prior death of the cotenant whose right and interest were transferred, all title and interest of the transferees

are immediately divested, and the surviving tenant becomes the sole owner in fee of the premises owned by both as tenants by the entirety. Hiles v. Fisher, supra; Zorntlein v. Bram, 100 N. Y. 12, 2 N. E. 388; Beach v. Hollister, 3 Hun, 519; Wyckoff v. Gardner, 20 N. J. Law, 556, 45 Am. Dec. 388; Atkison v. Henry, 80 Mo. 151.

Although no claim of damage to the use and occupation, or to the fee, was interposed by the wife, the claim may be made upon the part of the respondent that under the common law the husband is entitled to recover the full amount of the fee damage, and to hold the same in trust for the survivor, or that at least he is entitled to have the fee damage fixed, to the end that should he survive his wife the same may then be paid over to him. Upon the other hand, the claim may be made upon the part of the village that in order to present a valid claim for fee damage, and to be entitled to an award therefor, both tenants by the entirety must act in conjunction, as constituting one person. However, the awarding of damages to the fee by reason of a change of grade of the street is not now before the court for decision, and will not be, until the commissioners shall have reported that the owners of the premises are entitled to compensation on account of damage to the fee, after making allowance for the benefits derived from the improvement, and application shall have been made for an order of the court founded upon such report of the commissioners.

[6] The commissioners should therefore decide and report, in the form required by the condemnation law, stating in such report the compensation to which the claimant, Austin L. Goodrich, as a tenant in common of the use and occupation of the premises, is entitled, after making allowance for the benefit, if any, to such use and occupation derived by said claimant from such improvement; and also to the compensation to which the owner of the fee is entitled, making allowance for the benefit, if any, to the fee, derived by such owner from such improvement, to the end that upon the presentation of the report of the commissioners the court may make such order as the facts and law shall warrant.

The order appealed from must be affirmed. All concur.