In the Matter of the Application of AUSTIN L. GOODRICH, Respondent, v. THE VILLAGE OF OTEGO, Appellant.

**Real property** — estates by the entirety — relative rights of husband and wife — injury to lands owned in entirety by change in grade of village street — husband may maintain proceedings for assessment of the damages to his interest in the property without joining his wife as a party — form of report by commissioners of appraisal.

1. Since the enactment of the Married Woman's Acts, a husband and wife owning land as tenants by the entirety have equal rights. Each is a tenant in common with the right of survivorship, and when land so owned by a husband and wife has been damaged by

a change of grade in a village street, an award to the husband does not bind the wife nor include her interest, and she may make her claim for damages independent of her husband.

2. Where a husband and wife are the owners of an estate by the entirety, and such land is injured by a change in the grade of a village street, the husband can institute and maintain a proceeding for an assessment of damages to such property without joining his wife, his co-tenant, as a party to the proceeding, but the damage to which he is entitled under the Village Law (Cons. Laws, ch. 64, § 159) should be given for the diminution of the value of his estate as a tenant by the entirety, and not as rents and profits or damages to his use and occupation.

3. In making their report, after such appraisal, the commissioners should state that, in fixing their award, they have considered the question of benefits, but they should not itemize the award by allowing a specific sum for damage to, and loss of, shade trees as part of the damages to the fee of the premises.

*Matter of Goodrich* v. *Village of Otego*, 170 App. Div. ——, reversed.

(Argued October 1, 1915; decided October 29, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 12, 1915, which affirmed an order of Special Term confirming the report of commissioners of appraisal in change of grade damage proceedings.

The facts, so far as material, are stated in the opinion.

*Tilley Blakely* for appellant. This proceeding is not maintainable by the respondent. (*People ex rel. Bennett* v. *Dickey*, 148 App. Div. 663; *Matter of Board of Street Opening*, 89 Hun, 525; *Freeman* v. *Barber*, 1 Hun, 433; 3 T. & C. 574; *Harrer* v. *Wallner*, 80 Ill. 197; *Fowles* v. *Hayden*, 130 Mich. 47; *Speier* v. *Opper*, 73 Mich. 35; *Osgood* v. *Chicago*, 154 Ill. 194; *Chambers* v. *South Chester*, 140 Penn. St. 510; *Philadelphia Ball Club* v. *Philadelphia*, 192 Penn. St. 632; *Matter of Squire*, 125 N. Y. 131.) The commissioners' award for "damage to and loss of shade trees" is contrary to law. (*Palmer* v. *Larchmont El. Co.*, 158 N. Y. 231; *Eels* v. *Am. Tel,*

8

& Tel. Co., 143 N. Y. 133; Dillon on Mun. Corp. § 688; Kemp v. City of Des Moines, 125 Iowa, 640; Webber v. Salt Lake City, 40 Utah, 221; Castleberry v. Atlanta, 74 Ga. 164; 1 Lewis on Em. Domain [2d ed.], 319; Robinson v. City of Spokane, 66 Wash. 527; Matter of C. N. Y. Tel. Co., 36 App. Div. 553.)

L. F. Raymond and C. L. Andrus for respondent. The evidence justified the findings of the court and is sufficient to support the same. (Comesky v. Village of Suffern, 179 N. Y. 393; Folmsbee v. City of Amsterdam, 142 N. Y. 118; Stenson v. City of Mt. Vernon, 104 App. Div. 17; McCall v. Village of Saratoga Springs, 121 N. Y. 704; Matter of Church of Our Lady of Mercy, 32 N. Y. S. R. 967; Matter of Geer, 39 App. Div. 22; Matter of Whitmore v. Village of Tarrytown, 137 N. Y. 409; Matter of Bartlett v. Village of Tarrytown, 52 Hun, 380.) The fact that the petitioner is tenant by entirety with his wife does not defeat his right to maintain this proceeding. (Demby v. City of Kingston, 60 Hun, 294; 133 N. Y. 538.) The grade of River street having been changed within the meaning of section 159 of the Village Law, the petitioner is entitled to maintain this proceeding and recover the damages awarded by the commissioners herein. (Hiles v. Fisher, 144 N. Y. 306; F. & M. Nat. Bank v. Gregory, 40 Barb. 155; Graney v. Berrie, 31 App. Div. 285.)

POUND, J. On an appeal by the appellant in this proceeding from the order appointing commissioners to ascertain the damages sustained by respondent by reason of the change of grade of River street, the question was whether petitioner as one of the owners of an estate by the entirety could institute and maintain a proceeding for an assessment of damages to property so owned without joining his wife, the co-tenant, as a party to the proceeding. (Matter of Goodrich v. Village of Otego, 160 App.

Div. 349.) The court below, affirming the order, held that petitioner could maintain the proceeding and was entitled to the damages sustained by him as a tenant in common for the value of the use and occupation of the premises and that his wife, who had failed to present a claim for damages as provided by section 159 of the Village Law, was without remedy.

The court below reserved the question of damage to the fee until the coming in of the report of the commissioners and directed the commissioners to decide and report (a) the compensation to which the claimant Austin L. Goodrich, as a tenant in common of the use and occupation of the premises, is entitled, and (b) the compensation to which the owner of the fee is entitled.

The commissioners of appraisal thereafter reported that the damage sustained by the petitioner was $200 and that the compensation to which the claimant Austin L. Goodrich, as a tenant in common of the use and occupation of the premises, was entitled was $12 annually, and that the compensation to which the owner in fee of the premises was entitled is $200. The order confirming the report of commissioners which is now . before us for review provides "that the amount of the award made as aforesaid to the owner of the fee of said premises with interest thereon from this date, shall be a liability against the said Village of Otego, N. Y., and that said village shall pay to the owner of the fee of said premises the sum of $200 damages to said fee, with interest as aforesaid, when said owner is determined, and that said village pay to said petitioner the sum of $12 annually, until the determination of the ownership of said fee as damages to the use and occupation of said premises, or in case the said petitioner, Austin L. Goodrich, and his wife, Flora Goodrich, owners as tenants by the entirety of said premises, execute to The Village of Otego, N. Y., a release of all claim or demand for said award and for the damages alleged in the petition herein, then in such event, the said

village pay to the said Austin L. Goodrich the sum of $200 damages, with interest from this date, in full of the award of said commissioners."

The amount involved is insignificant as compared with the importance of the questions of law which the parties seek to have settled on this appeal. Appellant maintains that the incidents of tenancy by the entirety are such that the failure of respondent's wife to unite with him in the claim for damages filed with the board of trustees is a bar to this proceeding. The husband may sell or mortgage his interest in realty so held, which is the right to the use of an undivided half of the estate during the joint lives and the fee in case he survives his wife. (*Hiles* v. *Fisher*, 144 N. Y. 306.) Obviously the husband is an owner of an interest in real estate and as such entitled to compensation under section 159 of the Village Law when the land is injuriously affected by change of grade. But the damages to which he is entitled are given as an equivalent for the diminution in value of his estate, and not as rents and profits. He is not entitled to an annual payment from the village for the use and occupation of the premises. If he and his wife had both joined in the proceeding, or if the statute protected all owners and not merely those claiming damages, the award of $200 should be paid into court and retained until death terminated the tenancy and then paid to the survivor, the income meanwhile being divided equally between them. (*Hiles* v. *Fisher*, *supra.*) But the remedy provided by the statute is exclusive, for at common law where a municipality makes a lawful change in the grade of a street the abutting owner is not entitled to damages. (*Radcliff's Executors* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195.) The statute (Village Law, Cons. Laws, ch. 64, § 159, subd. 1) provides that "a person claiming damages from such change of grade *must present* to the board of trustees a verified claim therefor within sixty days after such change of grade is effected." The failure of respond-

ent's wife to join in the proceeding eliminates her interest in the land from consideration. That of the husband must be dealt with independently. "Those harsh principles of common law which destroyed for most purposes the legal identity of the wife and subjected her person and property to the control of her husband" are not incidents of tenancy by the entirety and have long since been detached from such estates by the Married Woman's Acts of this state. (*Hiles* v. *Fisher, supra.*) The husband is a tenant in common with the right of survivorship. So is the wife, and an award to the husband does not bind the wife, nor include the wife's interest. Were it not for the bar of the short Statute of Limitations she might make her claim for damages independent of her husband. (*Grosser* v. *City of Rochester*, 148 N. Y. 235.)

The commissioners herein should have determined the compensation to which petitioner was entitled by reason of the change of grade, not for damages to his use and occupation, but for the diminution in value of his estate as a tenant by the entirety as above defined. They were without authority to award damages to owners generally, or unknown or contingent owners who made no claim for damages.

In making their report the commissioners should state that in fixing their award they have considered the question of benefits, although the presumption is that they have followed the direction of the statute in that regard. Nor should they itemize the award as they have done in this case by allowing $100 for damage to and loss of shade trees. At common law, where no compensation was allowed to the abutting owner, the municipal authorities had the right to destroy shade trees in the street without compensation when making authorized highway improvements, such as a change of grade, but the purpose of the statute is to impose liability when the land adjacent to the street is injuriously affected, as it may be by damage to shade trees. (*Donahue* v. *Keystone Gas Co.*, 181

N. Y. 313.) It was, therefore, unnecessary to separate the items making up the $200 for the purpose of showing that $100 thereof was for damage to shade trees.

The order appealed from must be reversed, with costs to abide the final award of costs, and the proceeding remitted to the Special Term for a new appraisal before new commissioners.

CHASE, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Order reversed, etc.