In the Matter of the Application of GEORGE W. STUART, Petitioner, for the Appointment of Commissioners to Ascertain Damages for Change of Grade, against the VILLAGE OF LYNBROOK, Respondent.

Supreme Court, Special Term, Queens County, September 30, 1938.

*Stephen Crane West,* for the petitioner.

*Raphael W. Alpher,* for the respondent.

HALLINAN, J. The respondent in its answer pleads, and in its memoranda contends, that the petition must be dismissed because, *first,* the claim was not presented within sixty days after the change of grade was completed; *second,* this proceeding was not commenced within one year after the change of grade was completed; *third,* petitioner alone has not the legal capacity to maintain this

proceeding, since his wife, who is a co-owner of the property as tenant by the entirety, is not a party to the proceeding; and *fourth,* the petition and proof of claim are insufficient, in that it is not alleged that the change of grade has been completed. The last two objections will be considered first.

I am of opinion that the non-joinder of petitioner's wife is not fatal to this proceeding (*Matter of Goodrich* v. *Village of Otego,* 160 App. Div. 349), and that viewed as a whole, and with the liberality with which they must be construed, the proof of claim and the petition contain sufficient allegations as to the completion of the change of grade.

The first two defenses pleaded by the respondent raise the question of the Statute of Limitations provided in section 159 of the Village Law. Subdivision 1 of said section provides: " A person claiming damages from such change of grade must present to the board of trustees a verified claim therefor within sixty days after such change of grade is effected."

Subdivision 3 provides: " No proceeding or action under this section shall be maintained against the villages unless the same shall be commenced within one year after the change or alteration of grade is effected."

The vital issue, therefore, is whether the claim of petitioner was filed within sixty days after the change of grade was completed, and this proceeding commenced within one year of such date. The village claims that the change of grade was completed on November 14, 1935. Petitioner's proof of claim was verified July 16, 1937, and his petition August 10, 1938. The notice of motion is dated August 12, 1938, and was served on August 18, 1938. Obviously, if the village is correct in this respect, the petitioner has no standing in court. The petitioner, on the other hand, claims that the change of grade was completed when the street was paved pursuant to a paving contract with the village which was made on July 29, 1937. He contends that it was the paving of the street which completed the change of grade, and not the original laying of gravel. He claims that there is thus an issue of fact presented, which should be referred to a referee. But the documentary proof submitted by the village establishes not alone that there is no triable issue present, but that the change of grade was completed on November 14, 1935.

First, there is the resolution of the village board of trustees dated August 26, 1935, authorizing the preparation of plans and specifications for grading certain streets, including the one involved. Then, there is the resolution of the board of trustees of September 9, 1935, to receive bids for such grading and that the village engineer

prepare plans and specifications. Then, on September 23, 1935, we have the adoption of the resolution of the board of trustees authorizing the awarding of the contract for the grading of the said street in accordance with the profile map. Then, on September 24, 1935, we have the actual execution of a contract for the grading of said street. Then there is the certificate dated October 25, 1935, of Carman-Dunne, Incorporated, the engineers who supervised the grading on behalf of the village and who prepared the profile map, certifying the *completion* of such grading. Then there is the resolution of the village trustees dated November 14, 1935, accepting and approving the said grading work pursuant to such contract.

These documents were all on file in the office of the village clerk, and have been and still are public records available to all persons interested, including the petitioner, who does not question their accuracy or authenticity. They, in my opinion, establish beyond the peradventure of a doubt, that the change of grade was completed on November 14, 1935, and that the chief object of the contract of September 24, 1935, was to grade and fill in, and not to pave, the street, and the work pursuant to such contract established the change of grade. The paving work on the street, described in the petition, was pursuant to a separate contract entered into on July 29, 1937, preceded by appropriate resolutions by the board of trustees of the village therefor, made shortly prior to such date. The latter contract was for an *improvement* and not for the change of grade.

As said in *Stenson* v. *City of Mt. Vernon* (104 App. Div. 17): " The mere improvement of a street is not an alteration of the grade within the meaning of the statute, notwithstanding some physical changes of the surface of the street may be incidental to the improvement."

Similarly, *Matter of Whitmore* v. *Village of Tarrytown* (137 N. Y. 409, 412) held that the removal of an embankment was not a change of grade, and that " such an improvement of a street is not within the fair meaning of the statute a ' change or alteration ' of the grade thereof."

Originally, under the common law, an owner of land was not entitled to damages caused by a change of grade. (*Goodrich* v. *Village of Otego, supra; Cumesky* v. *Village of Suffern,* 179 N. Y. 393, 396; *Fries* v. *New York & Harlem R. R. Co.,* 169 id. 270, 282.) The right to recover therefor was established solely by statute. Since it is a general rule of construction that a statute in derogation of common law must be strictly construed (*Dean* v. *Metropolitan Elevated R. Co.,* 119 N. Y. 540, 547; *Transit Commission* v.

*Long Island R. R. Co.*, 253 id. 345, 355), the sixty-day period of limitation in which to file a claim, and the one-year period of limitation in which to commence a proceeding, provided in section 159 of the Village Law, must be strictly construed, and the court cannot give any consideration to the contention of petitioner that he had been misled by an opinion of former counsel, upon which he leaned heavily in proceeding.

The petition is consequently insufficient. The motion must, therefore, be denied and the petition dismissed, without costs. Settle order.