ARLEIGH L. SLOCUM, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24665.)

Court of Claims, September 10, 1941.

*Bonney & Bonney* and *Walter W. Wilcox* [*Theodore C. Bonney* and *Albert Averbach* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr., Assistant Attorney-General,* of counsel], for the defendant.

BARRETT, P. J. In this claim recovery is sought for damages sustained by reason of the flooding of property by the waters of Oneida lake between March 15, 1936, and April 15, 1936.

The notice of intention was filed June 8, 1936, and the claim was filed October 23, 1936. The State was held liable in the similar case of *Haskell* v. *State of New York* (258 App. Div. 930; affd., 283 N. Y. 612). The trial and determination of this and other similar claims were withheld pending that decision.

Upon the trial claimant moved to change the name of claimant to Arlie L. Slocum, which motion was granted. Thereafter the State was directed to show cause why claimant should not be allowed to amend his claim in several particulars. Before considering that motion it is necessary to pass upon the objection raised at the trial by the State that the claim was not properly verified.

It appears that the claim was verified by one of claimant's attorneys upon the ground that the claimant was not in the county of Chenango where the attorney had his office. At the time the claim was filed, section 15-a of the Court of Claims Act required that the claim or notice of intention to file the claim should be verified by the claimant. The notice of intention to file the claim was so verified. The verification of the claim by the attorney was proper. (Ct. of Claims Act, § 14, and Rules of Ct. of Claims, rule 11, as they existed when the claim was filed.)

The property in question was owned by Arlie L. Slocum and Albert E. Slocum, as tenants in common, and an amendment is sought adding the latter as a party claimant. At the time the claim arose, it was required that a notice of intention or claim should be filed within six months after the accrual thereof. This jurisdictional requirement may not be evaded by the amendment of a claim already filed. Ordinarily, all tenants in common must join in an action to recover damages for injuries to real property owned in common. (*De Puy* v. *Strong*, 37 N. Y. 372.) However, the claim may not be dismissed because of the failure to join the cotenant. (*Matter of Goodrich* v. *Village of Otego*, 216 N. Y. 112; *Grosser* v. *City of Rochester*, 148 id. 235; Civ. Prac. Act, § 192.) It is true that the claimant may move under rule 102 of the Rules of Civil Practice or section 193 of the Civil Practice Act to bring in the necessary parties. The controversy here, so far as the present claim is concerned, is between the State and the claimant, Arlie L. Slocum, and Albert E. Slocum is not a necessary party so far as that controversy is concerned.

The condition that the claim must be filed within a designated time is a condition precedent to the bringing of an action and may not be circumvented by the addition or substitution of parties, whose time to file has expired. (*Matter of Goodrich* v. *Village of Otego, supra; People ex rel. New York Central R. R. Co.* v. *Gilson*, 239 App. Div. 108; affd., 265 N. Y. 457; *People ex rel. American Sugar Refining Co.* v. *Sexton*, 274 id. 304; *Sapone* v. *New York Central & H. R. R. Co.*, 130 Misc. 755; *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Scutella* v. *County Fire Ins. Co. of Philadelphia*, 231 App. Div. 343.)

In *National Bank of Bay Ridge* v. *Albers* (244 App. Div. 127) it was said: " Other parties may be brought in if their presence is necessary for a complete determination of the controversy; but the court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others. (Civ. Prac. Act, § 193.) Here the rights of no others may be prejudiced, for they have long ago lost whatever rights they may have had because of the running of the Statute of Limitations. The nonjoinder of parties is no longer a ground for dismissal of the complaint. (Civ. Prac. Act, § 192.) "

The damages to the interests of the cotenant who is not joined as a claimant may not be considered. The only award that can be made is for damages sustained to the interest in the property of Arlie L. Slocum, the claimant herein. These damages must be proved. (*Matter of Goodrich* v. *Village of Otego, supra; Mastrofrancisco* v. *Mohawk Gas Co., Inc.*, 201 App. Div. 586; *D'Angelo* v. *New York Central R. R. Co.*, 209 id. 775.)

*Mill-Rock Construction Corp., Industries Development Corp.* v. *State of New York* (260 App. Div. 964) is distinguishable. There, the addition of the Industries Development Corp. as a party claimant was necessary to protect the State from the possibility of having to pay the same claim twice. The claims of the two corporations were in conflict and the order of the court permitted the conflict to be resolved at one trial. Here there is no conflict of the interests and there is no danger that the State may have to pay twice. There is merely an application to make a person a party claimant whose time to file a claim has expired.

The proposed amendment increasing the claim for damages is denied in the discretion of the court upon the ground of laches. (*Cognetta* v. *State of New York*, 111 Misc. 392.) With the exception of the change of name of claimant, the claimant's motion is in all respects denied. The motion by the State to dismiss the claim of Albert E. Slocum is denied. Orders may be submitted accordingly, after which the claim is held for further proof, if any, of claimant's damages to his interest in the property involved.