Gr. Robert Wither, J.
By motion and cross motion there is presented to the court the matter of confirming or vacating the report of the commissioners of appraisals made pursuant to an order directing them to ascertain the compensation to be made to respondents in an action for the release and termination of certain tract restrictions and covenants which limit to residential use lands acquired by the petitioning School Board for the erection of an elementary school. The commissioners were sworn, viewed the property, and upon agreement of the parties adjourned the proceedings until after the erection of the school. Then they proceeded to take evidence concerning the questions of compensations to which respondents were entitled, if any. Thereafter they made their report containing their determinations, awarding nothing to some respondents and awarding between $100 and $1,200 to various others, totaling $3,850 to all respondents. They reported, ‘ ‘ that in determining the sums *708 to be paid to the respondents herein as compensation for the taking and removal of the specified tract restrictions and covenants, we have awarded as compensation the difference between the fair market value before the taking and the fair market value after the taking, together with all consequential damages.”
Petitioners, respondents on the motion and cross motion herein, contend that since they have not condemned any lands or buildings of respondents but have only deprived respondents of the benefit of certain tract restrictions and covenants with respect to the acreage taken for school purposes, as to which different principles of law pertain (see Matter of City of New York [Exterior St.], 285 N. Y. 455, 460-461; Gilmore v. State of New York, 208 Misc. 427), the report should reveal how the commissioners arrived at their conclusions. (See City of Yonkers v. Meritex Clothing, 114 N. Y. S. 2d 276.)
Since none of respondents’ properties were taken but only certain restrictions and covenants for the benefit thereof were removed, respondents were entitled to nothing beyond nominal damages for the taking itself. They were however entitled to consequential damages, if any, for the taking, less benefits derived. (See Matter of City of New York [Exterior St.], supra; Gilmore v. State of New York, supra.)
Petitioners argue that the report is inadequate in that it does not specifically show the consequential damage allowed to each respondent and the amount of benefit derived charged to each respondent in arriving at the award in each case.
The statute (Condemnation Law, § 14) requires that the. commission “ shall make a report of their proceedings to the court which appointed them, with the minutes of the testimony taken by them, if any ”. It is not contended that the commissioners failed to do that, nor that there was any error committed by the commissioners in the reception of evidence. In their report the commissioners did state that the basis of their award was “ the difference between the fair market value before the taking and the fair market value after the taking, together with all consequential damages. ’ ’
As a matter of first impression I should be inclined to the view that where there are special considerations of law and fact, the commissioners should show precisely how they arrived at their determinations so that there could be no doubt concerning the same in the minds of the parties or the reviewing court. But the statute does not so require, and the courts have not read such requirement into it. (Matter of Huie, 2 N Y 2d 168; Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452; Matter of County of Suffolk, 285 App. Div. 898; Matter of City of *709 Rochester [Smith St. Bridge], 234 App. Div. 583; Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490.) In City of Yonkers v. Meritex Clothing (114 N. Y. S. 2d 276, 278) the court said that the report should contain the reasoning upon which the award is based; but the extent of detail required was not indicated. If such statement in the latter case represents the law of this State, it still may be said that the statement of the commissioners above quoted complies therewith.
In Matter of Huie (supra, pp. 170-171) the court reviewed the power of commissioners of appraisal, noting that they are given wide latitude and that their determination must be supported by the record, but they may take into consideration information obtained in a personal inspection of the premises. It added (p. 171): “ The power of the courts to review an award of the commissioners is strictly limited, and every intendment is in favor of the action of the commission * * * This is not the case of a review by the court of a verdict of a jury * * * The courts will reject a determination of the commissioners only for irregularity in the proceedings, or if based on an erroneous principle of law (see Matter of City of New York [Northern Blvd.], 258 N. Y. 136, 155), or, if it ‘ shocks not only one’s sense of justice, but one’s conscience ’ ”.
Essentially the same rulings were made in the Adirondack Power case (226 App. Div. 490, 493-494, supra) and in Matter of City of Rochester (Smith St. Bridge) (234 App. Div. 583, 587, supra).
In Jahr, Law of Eminent Domain ([1953], § 259, p. 390) the author states: “ The commissioners need not state the various items which go to make up the aggregate of their awards, nor are they required to state particulars on which their conclusions are based.”
Considering the report in this case in the light of the foregoing authorities, it is apparent that it must be confirmed. Petitioners have not shown that it is based upon an erroneous principle of law, and by no means does it shock the conscience of the court. It was obvious to the commissioners and to all concerned that none of respondents ’ property as such was being taken, and only their rights in certain tract restrictions were involved. Hence the different rule that no credit may be made for benefits derived, applicable to cases where realty is taken, had no application to this case, and there is no reason to suspect that the commissioners were confused with respect thereto.
The motion to confirm the report is granted and the motion to vacate it is denied.
Submit order accordingly.