Raymond J. Mino, J.
This is a motion to confirm the report of Commissioners of Appraisal appointed by this court.
The defendants, Howard C. Smith and June Smith, make some 29 exceptions to the report as filed many of which, in essence, involve the same exception stated differently.
The defendants Smith in their argument before the court have reduced their objections basically to the fact that the Commissioners have failed to break down their findings between actual and consequential damages, and in that area have further failed to break down the consequential damages to indicate those assessed to the house as compared to those assessed to the lot, and that they have further failed to indicate separate values as found for (1) one-quarter acre of land, part of which was a lawn area comprising the front lawn of the defendants’ residence ; (2) two very large shade trees adjacent to the defendants’ home; (3) two very large shade trees adjacent to the pasture area used as shade for the cattle; (4) 600 feet of barbed wire fence and posts; (5) 110 feet of decorative and functional wooden fence and posts; (6) a dug well 34 feet deep 26 inches in diameter with a good water supply; (7) a trellis; (8) some decorative shrubbery; (9) a portion of the improved main driveway to the farm and residence, and (10) a drainage area which needs to be replaced or relaid.
Section 122 of the Highway Law of the State of New York provides, in part, in referring to the Commissioners: “ They * * * shall keep minutes of their proceedings and reduce to writing all oral evidence given before them. They shall thereafter make and sign a report in writing, to which they shall assess, allow and state the amount of compensation to be sustained by the owners of the several lots, pieces or parcels of land taken for the purposes aforesaid. * * * The commissioners of appraisal shall file their said report, together with the minutes of their proceedings, in the office of the county clerk of such county.”
The report of the Commissioners provides in part:
“ After the proofs and allegations were heard and the testimony was closed, and memorandum submitted by the Attorneys representing the respective parties, another view of the premises was taken and a determination was made as to the amount of compensation to be allowed to Howard C. Smith and June Smith for the real property taken by the Plaintiff, including the dam *321 ages done to the remaining property of the Defendants and find the same as follows:
“ (1) We find that the total damages sustained and compensation to be allowed for the taking of parcel 16, Map 11, on County Road No. 70 (Hoagerburgh Hill Road) to be the sum of One Thousand Eight Hundred ($1,800) with interest from October 30, 1959.” (Italics supplied.)
Two things immediately become obvious from such language: (1) that the total amount is intended to reflect actual as well as consequential damages, and (2) that the report neglects to indicate the amounts separately, awarded for such damage or for specific items covered by the testimony.
There apparently is no obligation on the part of the Commissioners to break down their findings as to damage between house and lot.
In an oft-cited case (Sparkill Realty Corp. v. State of New York, 254 App. Div. 78, affd. 279 N. Y. 656) the court at page 85 stated: ‘ ‘ Appellant also urges that the land and improvements should have been separately valued by the expert witnesses and that the trial court should have made separate findings of value on land and structures respectively. The law does not make such forms of proof or findings obligatory. ’ ’
In a more recent Third Department case (City of Schenectady v. Lauricella, 9 A D 2d 996) the court stated: “ We agree that the report should be sufficiently explicit to advise the landowner clearly as to the basis of the award and to permit intelligent judicial review. There is no requirement, however, that lands and buildings be separately evaluated and separate findings reported (cf. Condemnation Law, § 14; Sparkill Realty Corp. v. State of New York, 254 App. Div. 78, 85, affd. 279 N. Y. 656) although unusual circumstances, not existing here, might in some cases render such detailed treatment helpful and proper. Neither does any prejudice arise by reason of the commissioners ’ failure to state whether allowance was made for fixtures or business equipment, as, first, the commissioners, on the hearing, explicitly ruled against appellants’ theory and, second, it is clear from the record that no such allowance would have been proper in either of the cases before us.”
In the instant case no such unusual circumstances are present as indicated in the case of Glen & Mohawk Milk Assn. v. State of New York (2 A D 2d 95, 97).
There is likewise no obligation on the part of the Commissioners to evaluate the tree damage.
In the case of Matter of Goodrich v. Village of Otego (216 N. Y. 112) the court at pages 117-118 stated: “ In making their *322 report the commissioners should state that in fixing their award they have considered the question of benefits, although, the presumption is that they have followed the direction of the statute in that regard. Nor should they itemize the award as they have done in this case by allowing the $100 for damage to and loss of shade trees. * * * It was, therefore, unnecessary to separate the items making up the $200 for the purpose of showing that $100 thereof was for damage to shade trees.”
In a recent case (Mitchell v. State of New York, 20 Misc 2d 374, 378) Judge Young, speaking for the Court of Claims, announced the rules as understood by this court when he said: “ In considering the loss of the trees on the premises appropriated and the measure of damages thereof, it should be noted that the claimants were not in the nursery business and there is nothing to show they ever sold a single tree. Any trees on the land appropriated must be valued together with such land and considered to the extent to which they enhance it. (Matter of Goodrich v. Village of Otego, 216 N. Y. 112; Ribak v. State of New York, 38 N. Y. S. 2d 869; Comstock Foods v. State of New York, 18 Misc 2d 519.) The trees and brush growing on the appropriated parcels consisted of the several varieties of the trees usually found in the area. They were not particularly ornamental. We have considered such trees to the extent that they enhance the value of the land.”
Again in the ease of Matter of Huie (2 N Y 2d 168) at page 170, the court in considering similar objections to a condemnation award as made in the instant case, said: ‘1 The position of commissioners of appraisal in our legal system is a somewhat unique one * * # They are given wide latitude in arriving at their determination (Matter of Thompson, 121 N. Y. 277, 279; see Matter of City of New York [A. & W. Realty Corp.], 1 N Y 2d 428,432). * * * Appraisers are, in general, ‘ untrammeled by technical rules of evidence ’ (Matter of Town of Guilford, 85 App. Div. 207, 211), and may use their own judgment and experience as well as information obtained from a personal inspection of the property * * * The commissioners also have wide discretion as to the factors upon which they may base their determination of value.”
Finally and very recently, in Matter of Rittenhouse v. Haines (16 Misc 2d 707, 708-709) the court stated as follows:
‘ ‘ Petitioners argue that the report is inadequate in that it does not specifically show the consequential damage allowed to each respondent and the amount of benefit derived charged to each respondent in arriving at the award in each case.
*323 “ The statute (Condemnation Law, § 14) requires that the commission ‘ shall make a report of their proceedings to the court which appointed them, with the minutes of the testimony taken by them, if any \ It is not contended that the commissioners failed to do that, nor that there was any error committed by the commissioners in the reception of evidence. In their report the commissioners did state that the basis of their award was ‘ the difference between the fair market value before the taking and the fair market value after the taking, together with all consequential damages. ’
“As a matter of first impression I should be inclined to the view that where there are special considerations of law and fact, the commissioners should show precisely how they arrived at their determinations so that there could be no doubt concerning the same in the minds of the parties or the reviewing court. But the statute does not so require, and the courts have not read such requirement into it. (Matter of Huie 2 N Y 2d 168; Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452 ; Matter of County of Suffolk, 285 App. Div. 898; Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583; Adirondack Power & Light Corp. v. Evans, 226 App. 490.) In City of Yonkers v. Meritex Clothing (114 N. Y. S. 2d 276, 278) the court said that the report should contain the reasoning upon which the award is based; but the extent of detail required was not indicated. If such statement in the latter case represents the law of this State, it still may be said that the statement of the commissioners above quoted complies therewith.
“ In Matter of Huie (supra, pp. 170-171), the court reviewed the power of commissioners of appraisal, noting that they are given wide latitude and that their determination must be supported by the record, but they make take into consideration information obtained in a personal inspection of the premises. It added (p. 171):
“ ‘ The power of the courts to review an award of the commissioners is strictly limited, and every intendment is in favor of the action of the commission * * * This is not the case of a review by the court of a verdict of a jury * * * The courts will reject a determination of the commissioners only for irregularity in the proceedings, or if based on an erroneous principle of law (see Matter of City of New York [Northern Blvd.], 258 1ST. Y. 136,155), or, if it “ shocks not only one’s sense of justice, but one’s conscience.” ’
“ Essentially the same rulings were made in the Adirondack Power case (226 App. Div. 490, 493-494, supra) and in Matter *324 of City of Rochester (Smith St. Bridge) 234 App. Div. 583, 587, supra).
“In Jahr, Law of Eminent Domain ([1953], § 259, p. 390) the author states :
“ The commissioners need not state the various items which . go to make up the aggregate of their awards, nor are they required to state particulars on which their conclusions are based.”
It appears that the defendants have not shown to the court that the report is based on an erroneous principle of law, or that irregularity exists in the proceedings, or that the award is one that shocks the conscience of the court.
With these principles in mind, the court is not disposed to disturb the report. Accordingly, the report is confirmed.