# HENRY PLATE v. THE N. Y. CENTRAL R. R. CO.

### Former Judgment—Estoppel—Prospective Damages.

Where the same embankment, the same ditches, &c., which by a former judgment have been adjudged to have caused damages to the Plaintiff, are continued, causing subsequently similar injuries, the Defendant will be estopped by such judgment from denying his liability in a subsequent action to recover for like subsequent injuries caused by the continuance of said embankment, &c.

When prospective damages may be recovered discussed by Clerke, J.

CLERKE, J.—This action is brought to recover damages for injuries caused by keeping and maintaining the Defendants' railroad track, and ditches along the side thereof, in such manner as to cause the water to flow back upon land belonging to Plaintiff, in injury of his crops.

George M. Barnes, being then owner of said farm, conveyed, on the 27th August, 1852, to the Buffalo and Lockport R. R. Co., a strip of land five rods wide through the same, on which the railroad was constructed.

The Defendant, by the consolidation of several railroad companies, under the act of 1853, succeeded to all the rights of the Buffalo and Lockport R. R. Co., to said strip of land, and to its railroad.

On the 3d of August, 1853, Barnes conveyed said farm to the Plaintiff, consisting of about 120 acres, subject to the right of way of the Buffalo and Lockport R. R. Co., as the same was then used and occupied by the company. The Plaintiff claims in this action to recover damages for the flooding of his land, since October 11th, 1855, and proved at the trial, that by the construction and maintenance of the Defendants' railroad, large quantities of water, in time of flood, were brought down the railroad ditches from land lying northerly from the Plaintiff's land, which, before the construction of the road, found an outlet into a creek, in another direction, without passing over the said land, and that seve-

ral times in each year, by reason of the insufficiency of the ditches along the northwesterly side of the railroad, when there were heavy rains and floods, the water accumulated along the side of the railroad, and extended over the land, causing the injuries for which he claims redress in this action.

On the 11th of October, 1855, the Plaintiff brought an action against the Defendant in this action, to recover damages for injury to the same land and crops, from the same cause, and he recovered final judgment in said action. The referee has found that the flooding of the Plaintiff's land, since the 11th of October, 1855, was caused in the same manner as previous to that time, upon which the former judgment was rendered, and that the same embankment and ditches remained in the same condition, from the 11th of October, 1855, to the time of the commencement of this action, in which they were during the time the injuries occurred for which the former action was brought; that the same quantity of Plaintiff's land, and by the same cause, had been flooded, since the commencement of the former action, as had been flooded prior thereto; that the land thus overflowed had been rendered thereby less valuable, and that the crops had been more or less injured in each year, by the same cause, since the commencement of the former action. The referee also found that the Plaintiff had sustained injuries from these same causes, from the 11th of October, 1855, to the commencement of this action, to the amount of four hundred dollars.

As a matter of law, the referee found that the former recovery for injuries sustained by the Plaintiff, from the same cause, establishes the right of the Plaintiff to recover any damages subsequently sustained from the same cause, and that the Defendant, by keeping up and maintaining the embankment and ditches, and thereby diverting the water to the Plaintiff's land, is liable to the Plaintiff for these damages.

It seems to be conceded in the argument before the General Term, that the only question deserving of serious consideration in this case is that relating to the effect of the recovery in a former action. The Plaintiff's counsel contended that the former judg-

ment was conclusive as to the liability of the Defendant for the cause of the injury.

The same embankment, and the same ditches which, by the former judgment, it was adjudged caused similar injuries to the Plaintiff, caused injuries subsequently to him, and that judgment concluded the Defendants from denying such liability in this action.

This proposition, I think, can scarcely be now disputed. The case of Mersereau *v.* Pearsall (19 N. Y. R. 108), referred to by the Judge who delivered the opinion at the General Term, fully sustains this proposition. There, an action was brought to recover damages caused by the erection of a dam, and throwing back water upon the wheel of the Plaintiff's sawmill. In a previous action, the Plaintiff had recovered judgment against the same Defendant, in which it was found, as a matter of fact, that the same dam had set the water back upon the Plaintiff's sawmill wheels (which continued without change), causing injury to the Plaintiff. The Court, without hesitation, held the judgment to be an estoppel against the Defendant, as to his liability for the injury. Of course, the extent of the injury and the amount of the damages are left for ascertainment by new proof in the last action. And so it was in the case before us. The amount of the injury was proved before the referee, and was accordingly found by him.

The counsel for the Defendant refers to a case in the 24th N. Y. R., for the purpose of maintaining that the former recovery is a bar to all future actions for injuries caused by the same embankment and ditches, alleging that, according to the opinion delivered in that case, the Plaintiff could have recovered prospective damages, and consequently, the Defendants could not be vexed in a second action. If, indeed, he could have recovered damages, not only for all injuries which had accrued previous to the commencement of the action, but also for all injuries which might possibly thereafter accrue, the first recovery would be a bar to the second. There are cases, undoubtedly, in which the Plaintiff is at liberty to prove the direct and immediate conse-

quences of the act complained of, occurring after the commencement of the action, which are so closely connected with the wrong, that they would not of themselves furnish a distinct cause of action. In the old case, where the Plaintiff declared in battery, that he had previously commenced an action for it against the Defendant, and recovered £11, and no more, and that afterwards, part of his skull, by reason of the battery, came out of his head, and for his subsequent damage the action was brought, the Defendant pleaded the former recovery in bar, and on demurrer, the plea was sustained (Fetter *v.* Beal, 1 Lord Raymond, 339 ; S., C. 1 Salk. 11). In Caldwell *v.* Murphy (1 Duer, 233, affirmed, 11 N. Y. R. 416), it was held, that for an injury to the person, resulting from a single act, a single action only can be brought, and therefore, on the trial, the nature and extent of the injury, in all its consequences, should be considered with its future duration and future effects. In Blunt *v.* McCormick (3 Denio, 283), which was an action brought by a tenant for one year against his landlord, for obstructing his light, the Court remarked : " Suppose the lease to contain a covenant not to obstruct the light, the covenant being a single cause of action, one recovery upon it would be an absolute bar to any future action."

In a word, loss accruing subsequent to commencement of the action, may be recovered when the subsequent damages were the mere incident or accessory of the principal thing demanded; but, in Kentucky, where that rule had been frequently recognized, it was held in the Court of Appeals of that State, in an action for diverting the water of a stream, that the Plaintiff could recover only for the damages sustained previous to the commencement of the action (Langford *v.* Owsley, 2 Bibb, 215). In Mahon *v.* The N. Y. Central Railroad (24 N. Y. R. 658), to which I have already referred, it appears in that report that the Judge (myself) who delivered the opinion of the Court in that case said, that if the Defendants did not transcend the authority vested in them by the Legislature, and yet, in constructing their road, had necessarily injured the rights of others, they were equally liable to respond for prospective as well as accrued damages. I am inclined to

think that there is some clerical or typographical mistake here; or, perhaps, there was some inadvertence of my own in the haste of writing. It was probably intended, in that opinion, merely to convey the idea, if the action was sustainable merely on the ground that the Plaintiff was deprived permanently by the Defendants of the use of the highway called the Mohawk Turnpike, or that the obstructions were necessarily permanent, that he would be entitled to prospective damages for that deprivation. But, at all events, the decision was made independently of the hypothesis suggested in the beginning of the opinion. At most, it can be considered nothing more than a dictum, and therefore cannot control the present case.

Here the obstructions are not necessarily permanent, and, clearly, the Plaintiff could not have recovered for prospective damages. It would have been impossible to conjecture, much more to prove, the extent or amount of such damages. The cause of the injury might thereafter be abated or removed, so that the Plaintiff might never again sustain any injury; or, from some fortunate change of circumstances, the Plaintiff's land might never again be flooded. I am in favor of affirming the judgment, with costs.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.