ANGELO MASTROFRANCISCO, Appellant, *v.* MOHAWK GAS COMPANY, INC., Respondent.

Third Department, May 3, 1922.

**Tenants by entirety — action for trespass — realty owned by husband and wife as tenants by entirety — husband sole plaintiff — verdict for entire damage to realty properly set aside — during lifetime, tenants by entirety hold as tenants in common — jury should have been instructed that plaintiff could recover only damage to his interest — elements affecting extent of husband's interest.**

In an action for trespass upon real property owned by a husband and wife as tenants by the entirety, in which the husband was the sole plaintiff, a verdict for the entire damage to the premises was properly set aside, since the wife had the same right of action as the husband.

During the lifetime of tenants by the entirety, they hold the premises as tenants in common and each is entitled to one-half of the income therefrom.

The jury should have been instructed that the husband could recover only the damage to his interest in the property.

*It seems,* that the interest of the husband would be affected by his age and health and the age and health of his wife, and possibly by other circumstances, which would tend to show the probable length of the common tenancy and his possibility of becoming sole owner by right of survivorship.

HINMAN, J., dissents, with opinion.

APPEAL by the plaintiff, Angelo Mastrofrancisco, from an order of the Supreme Court, made at the Schenectady Trial Term and entered in the office of the clerk of the county of Schenectady on the 31st day of October, 1921, setting aside the verdict of the jury in favor of the plaintiff and granting a new trial.

*Ernest P. Lyons* [*John E. Judge* of counsel], for the appellant.

*Arthur S. Golden,* for the respondent.

Order affirmed, with costs, on the opinion of BORST, J., at Trial Term.

All concur, except HINMAN, J., dissenting, with an opinion.

The following is the opinion delivered at Trial Term:

BORST, J.:

Defendant moves for a new trial after verdict in favor of plaintiff. On a former trial plaintiff was nonsuited and the Appellate Division on appeal reversed without comment as to the grounds. (198 App. Div. 959.) On the present trial I submitted the case to the jury with the suggestion that the plaintiff and his wife owned the premises on which the alleged trespass was committed, as tenants by the entirety. The complaint alleges ownership of the property trespassed on in the plaintiff, which is denied in the answer. During the lifetime of a husband and wife they hold the premises as tenants in common and each is entitled to one-half of the rents and profits so long as the question of survivorship is in abeyance. The jury should have been instructed in effect that the husband could only recover for the injury to his interests in the property. That interest would be affected by his age and that of his wife, his and her condition of health, and possibly other circumstances which would tend to show that a longer or shorter period would probably elapse during which he would have a tenancy in common with her, and his possibility of ownership over that of his wife. (*Grosser* v. *City of Rochester,* 148 N. Y. 235; *Matter of Goodrich* v. *Village of Otego,* 216 id. 112; *Hiles* v. *Fisher,* 144 id. 306.)

The husband recovered for the entire damage to the premises caused by the acts of the defendant, and yet the wife had the same right of action for which the plaintiff recovered, and certainly if the husband died immediately after judgment was entered in this action, she would be entitled as against the defendant to the

damage to her interest in the premises. The Appellate Division properly held that the plaintiff could maintain the action, at least under the present pleadings, but it was not held that he could recover the entire damage for the tenants in common, caused by defendant's alleged wrongful act. The charge left it to the jury to find the entire damage to the premises from the alleged wrongful acts of defendant.

There should, therefore, be a new trial when the right of the plaintiff for the injury to his interest in the premises, and that alone, may be properly submitted to the jury.

HINMAN, J. (dissenting):

This court has held on a former appeal that the action was maintainable. (198 App. Div. 959.) It is the law of the case. A new question has arisen on the second trial. By the proofs it has been demonstrated that the plaintiff is not the sole owner of the premises which have been damaged by the trespass of the defendant. The property is owned by the plaintiff and his wife as tenants by the entirety. The wife has not been joined as a party plaintiff. The plaintiff is thus proved not to have been the sole person entitled to share in a judgment founded upon a verdict where the jury obviously did not measure the plaintiff's recovery in accordance with his separate interest in the property.

If we were without jurisdiction to correct the error, a reversal would be necessary; but if this court can give effect to the finding of the jury that the defendant committed a wrong against this property to the damage thereof and that the amount of such damage was $200, without prejudice to the substantial rights of the defendant, we should do so. The spirit of our new procedure is to lessen the law's delays, to look through the forms of law to find the substance, to do justice and to do it more expeditiously.

The most that the defendant is entitled to ask in justice to itself is that the judgment shall stand as a complete recovery for the damage done to all parties in interest. That was the evident intent of the plaintiff in bringing the action and that is the effect of the judgment according to plaintiff's own contention. If the wife of the plaintiff can be brought in as a party plaintiff to share in the judgment and to have her rights against the defendant thereby cut off, complete justice will be done.

I entertain no doubt of our authority to accomplish that result by affording the wife of the plaintiff an opportunity to intervene, which presumably she would do if given that opportunity.

The order should be reversed, without costs, and the wife of the plaintiff given twenty days after notice of the entry of the order

of this court within which to make application to the court at Special Term to be made a party plaintiff, whereupon an appropriate amendment may be made and judgment entered accordingly; otherwise, the order should be affirmed, with costs.   (Civil Practice Act, §§ 105, 111, 192, 193.)   This will save the rights of all parties and under the liberal rules now in force, the court ought to end the litigation if possible.