JOHN D'ANGELO, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, June 27, 1924.

Negligence — action to recover damages caused by fire set by defendant's locomotive — plaintiff owned contents of barn and he and his wife owned barn as tenants by entirety — error to refuse to charge that plaintiff could recover only his interest in barn — value of barn not having been stated in verdict Appellate Division cannot deduct wife's interest.

In an action to recover the value of a barn and the contents thereof, which were burned by a fire negligently set by sparks from one of defendant's locomotives, in which it appeared that the plaintiff owned the contents of the barn individually, and that he and his wife owned the barn as tenants by the entirety, it was error for the court to refuse to instruct the jury that the plaintiff could recover for the loss of the barn only his interest therein as tenant by the entirety.

Inasmuch as the verdict of the jury does not state the value of the barn, the Appellate Division is unable to reduce the verdict by deducting the value of the interest of the plaintiff's wife therein and, therefore, a new trial must be granted.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 18th day of December, 1923, upon the verdict of a jury.

*Whalen, Murphy, McNamee & Creble* [*Sherman A. Murphy* of counsel], for the appellant.

*Thomas F. Galvin,* for the respondent.

H. T. Kellogg, J.:

The complaint alleges that the plaintiff and his wife, Emma D'Angelo, were the owners of a barn situate upon land owned by them; that the land adjoined certain railroad tracks maintained by the defendant; that the plaintiff was the owner of the contents of the barn; that the barn and contents were destroyed by fire through the negligence of the defendant; that the fire was caused by live sparks emitted by a locomotive of the defendant which was passing the premises; that the defendant had not used proper precautions to prevent the locomotive from emitting the sparks; that the fire and the consequent loss and damage to the plaintiff's property was caused by the defendant's negligence. The defendant's answer, with certain admissions excepted, was a general denial. On the trial there was proof, the weight of which we will not discuss, to the effect that a defective locomotive of the defendant emitted live sparks of large size which caused the fire and loss. In his charge to the jury the trial judge stated that he had made a computation based upon the figures given by the plaintiff as to the value of the barn and its contents; that the figures totaled $3,018. He then said: " So that if you find he is entitled to a verdict you are bound to give him $3,018." It had appeared in the proof without dispute that the plaintiff and his wife were tenants by the entirety of the premises. The defendant's counsel, at the conclusion of the charge, made the request to charge and the court made the ruling which are shown in the record as follows: " Mr. Murphy: May I ask your Honor to charge that as it now appears that John D'Angelo was a tenant by entirety in the premises, with his wife, that there can only be a recovery in this action for the interest of John D'Angelo in the real estate? The Court: No. Mr. Murphy: I except. The Court: You have waived that by not taking advantage of it, either by a demurrer or an answer. Mr. Murphy: I except." Had the defendant's motion been to dismiss the complaint on the ground of non-joinder of the other tenant the position of the court would have been correct. (*Crippen* v. *Morss,* 49 N. Y. 63.) Such was not the case. The defendant sought no more than to have the recovery limited, so far as the real estate was concerned, to the actual loss sustained by the plaintiff through the destruction of the barn of which he was but part owner. The request of the defendant was entirely proper and should have been granted.

(*Mastrofrancisco* v. *Mohawk Gas Co., Inc.*, 201 App. Div. 586.) The court's refusal to grant the request resulted in a verdict for the plaintiff of $2,000. This sum comprehended the value of the contents of the barn, which were owned solely by the plaintiff, as well as the value of the entire barn of which he was but part owner. The value of the barn was not separately stated in the verdict, so that we are helpless to reduce the same by deducting the value of the interest of the plaintiff's wife therein. The error made, therefore, calls for a reversal.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.