HOWARD D. MACFARLAND, Claimant, *v.* THE STATE OF NEW
YORK, Defendant.
(Claim No. 25154.)

Court of Claims, September 12, 1941.

*Johnson D. McMahon*, for the claimant.

*John J. Bennett, Jr.,* Attorney-General [*James H. Glavin, Jr.,*
*Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J. This is a claim for damages caused by the
overflow of the waters of Oneida lake, the State's liability having
been fixed in the case of *Haskell* v. *State of New York* (258 App. Div.
930; affd., 283 N. Y. 612). In the claim of *Slocum* v. *State of New*
*York* (177 Misc. 114), wherein the property was owned by tenants
in common, but the claim was filed by but one tenant, the motion
by claimant to add the name of the other tenant as a party claimant
was denied. Here the property was owned by claimant and his
wife as tenants by the entirety. The claim was filed by the husband
and a motion made to amend the claim by adding thereto the name
of the wife as a party claimant. The question arises as to whether
the decision in *Slocum* v. *State of New York (supra)* is conclusive.

In *Grosser* v. *City of Rochester* (148 N. Y. 235) it was held that
a wife having an interest as a tenant by the entirety could sue alone
to restrain an injury to her interest. In *Matter of Goodrich* v.

*Village of Otego* (216 N. Y. 112) it was held that a tenant by the entirety is a tenant in common with a right of survivorship; that one tenant by the entirety may recover damages for injuries to his interest even though the other tenant by the entirety is barred from recovering by reason of the failure to duly file a claim. In *D'Angelo* v. *New York Central R. R. Co.* (209 App. Div. 775) it was held that one cotenant by entirety could recover for his damages to his interests in the property involved. In *Mastrofrancisco* v. *Mohawk Gas Co.* (201 App. Div. 586) it was held that during the lifetime of the husband and wife, their tenancy is the same as that of a tenancy in common, that the husband may sue without joining his cotenant but that he may recover only the damages to his interests. In *Gray* v. *State of New York* (116 Misc. 760) this court held that while a wife, having an interest as a tenant by the entirety, was added as a party claimant to a claim filed by her husband, cotenant, after the lapse of the required filing period, the husband only could recover damages to his interest. From these authorities it is clear that a tenancy by the entirety is considered the same as a tenancy in common except that the former possesses the right of survivorship, that one tenant in common or by the entirety may sue but he can recover only the damages to his interest, and that a cotenant may not be joined after the lapse of the appropriate filing period.

*Scutella* v. *County Fire Insurance Co. of Philadelphia* (231 App. Div. 343) is distinguishable. In that case the action was based upon an insurance contract in which the interests of the husband and wife were joined. Section 194 of the Civil Practice Act provides as follows: " Joinder of parties in interest. Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants except as otherwise expressly prescribed in this act. If the consent of any one who should be joined as a plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint." Therefore, originally the husband and wife were necessary parties to the action. The failure to join the wife constituted a defect in parties for which the action would have been dismissed on demurrer prior to the enactment of section 192 of the Civil Practice Act. (*De Puy* v. *Strong*, 37 N. Y. 372.) Section 192 of the Civil Practice Act provides as follows: " Nonjoinder and misjoinder. No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require." Therefore, upon motion the wife would have been joined as a party plaintiff

or defendant as said section 192 of the Civil Practice Act prohibits a dismissal for a defect of parties. In the cases cited above suit was brought, not on a contract where the interests of the parties thereto were joint, but for damages to real estate wherein the interests of the tenants in common or by the entirety were several or joint and several. Persons having joint interests must be joined as parties in one action, but each person possessing an interest several in its nature may sue separately.

*Fisher Textile Co.* v. *Perkins* (100 App. Div. 19); *Emmeluth* v. *Home Benefit Association* (122 N. Y. 130); *Vandermulen* v. *Vandermulen* (108 id. 195) and *Johnson* v. *Phœnix Bridge Co.* (197 id. 316) are to the same effect. From the authorities cited, the rule appears to be that persons having a joint interest must be joined as parties pursuant to section 194 of the Civil Practice Act, that a non-joinder in the case of a joint interest may be cured by a joinder of the necessary parties, even though the Statute of Limitations may bar another action, since a contrary rule would defeat the existing action in violation of section 192 of the Civil Practice Act, and that each person having a several interest may sue individually and, therefore, may not be joined, pursuant to section 192 of the Civil Practice Act, after the Statute of Limitations has run, to actions brought by others, since no existing action would be defeated by the failure to join.

The motion to amend by bringing in the wife of claimant as a party claimant is denied. The motion upon the part of the State to dismiss the claim is denied. Orders may be submitted accordingly. The claim is held for further proof, if any, of the damages sustained to claimant's interest in the property involved.