HENRY A. CORNELL, as Committee, Plaintiff, *v.* ALFRED J. GOLDER, Defendant.

Supreme Court, Special Term, Kings County, January 26, 1943.

*Delaney & Roper* for plaintiff.

*Goodson & Potts* for defendant.

FROESSEL, J. In an action for eleven months' rent, aggregating $330, plaintiff as committee of an incompetent person moves for summary judgment under rules 113 and 114 of the Rules of Civil Practice.

The premises are concededly owned by said incompetent and her husband as tenants by the entirety. The husband, from whom defendant rented the premises in 1936, and to whom all rent was paid up to January, 1942, allegedly in ignorance of the wife's interest in the property, is not a party to this action, and his whereabouts is said to be presently unknown. Except for a month's rent, as to which there is a dispute, the defendant

concedes that he owes the amount demanded and is willing to pay same, but not to the plaintiff alone. In fact he asserts he sent a check drawn to plaintiff as committee of said incompetent as well as to her husband, but plaintiff returned same, stating that it was of no use to him " in its present form."

Upon the papers before me, summary judgment for the full amount demanded may not be granted. The failure of the husband to join in the action eliminates his interest from consideration. Each tenant by the entirety is entitled to one half of the rents. (*Hiles* v. *Fisher*, 144 N. Y. 306; *Matter of Goodrich* v. *Village of Otego*, 216 N. Y. 112, 116; *Mastrofrancisco* v. *Mohawk Gas Co., Inc.*, 201 App. Div. 586; *T. G. W. Realties, Inc.*, v. *Long Island Bird Store, Inc.*, 151 Misc. 918, 922.) There is nothing in the record before me evidencing an agency of the husband in the plaintiff, nor any waiver or estoppel by, or assignment, authority or consent from, the husband. In the absence of such proof, plaintiff is entitled upon this application to but one half of the rental concededly due for the months sued for.

Inasmuch as the application is made under rule 114, as well as under rule 113, and defendant admits he owes the owners the sum of $300, I will grant plaintiff partial summary judgment in the sum of $150, with interest on the respective monthly payments as they became due, in accordance with said rule 114.

As to plaintiff's claim upon the argument that the husband is indebted to the incompetent, he may of course proceed by action and attachment, receivership, judgment or other appropriate remedy as he may be advised, to reach the husband's share of the rentals according to law.

Settle order on notice.