CONSTANTINE KAWALIS, Plaintiff, *v.* ANNA KAWALIS, Defendant.

Supreme Court, Special Term, Queens County, January 2, 1945.

*Jacob Friedland* for defendant.

*Joseph Winston* for plaintiff.

DALY, J.   The defendant challenges the legal sufficiency of plaintiff's complaint.

According to the complaint, the parties since on or about July 28, 1933, have been and are tenants by the entirety of certain improved real property; that between January 1, 1942, and up to the date of the complaint the defendant has been in possession and control of the ground floor of the premises and has committed the following acts of waste: (a) neglect to take care of the pipes with the result that they became broken and burst, thereby depriving the entire building of running hot and cold water; (b) willful neglect to paint the interior and exterior of the building so that the boards are now rotting away and require replacement, which she has refused to do; (c) willful neglect and failure to make ordinary and necessary repairs, including roof repairs, with the result that the building has deteriorated and become dilapidated; (d) that the defendant has cut down and carried away without authority and without leave of the plaintiff the trees located in front of the premises; (e) that by failure to attend to the ordinary and necessary needs of the house and by unjustified aggressiveness the defendant has driven away the tenant who occupied the five rooms on the upper floor and no other tenant has been found; that the plaintiff has demanded of the defendant that she restore the premises to their original condition or that, in the alternative, that she allow him access thereto for the purpose of permitting him, at his own cost and expense to repair them, but the defendant had neglected and failed to comply with either of the aforesaid demands; that by reason of the foregoing the plaintiff has sustained damages in the sum of $1,000.

The relief sought is (1) that the defendant be enjoined from committing further waste; (2) that she pay to the plaintiff $1,000 for the damages suffered by the premises; (3) that she be required to keep the same in good repair and condition during the continuance of plaintiff's interest; and (4) for such other and further relief as may be just with the costs of the action.

The defendant contends that actions for waste are governed by sections 520 to 528 inclusive of the Real Property Law of the State of New York and that since the plaintiff is a tenant by the entirety — an interest not embraced in said sections — he has no legal capacity to sue and, therefore, the complaint fails to state facts sufficient to constitute a cause of action. The plaintiff, while conceding that a tenant by the entirety does not strictly come within the purview of the aforesaid statutes, argues nevertheless that he has " the old common law action on the case in the nature of waste or equitable waste ".

Neither side has submitted any authority governing the precise situation here presented. Lack of precedent alone, however, is no reason for turning a plaintiff out of court provided that there " can be found a clear and unequivocal principle of the common law which either directly or mediately governs it or which by analogy or parity of reasoning ought to govern it " (*Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538, 546).

The novelty of a situation does not weigh against the soundness of a proposition of law. As was said by Judge VANN in *Kujek* v. *Goldman* (150 N. Y. 176, 178): " Courts sometimes of necessity abandon their search for precedents and yet sustain a recovery upon legal principles clearly applicable to the new state of facts, although there was no direct precedent for it, because there had never been an occasion to make one. In remote times, when actions were so carefully classified that a mistake in name was generally fatal to the case, a form of remedy was devised by the courts to cover new wrongs as they might occur so as to prevent a failure of justice. This was called an ' action on the case,' which was employed where the right to sue resulted from the peculiar circumstances of the case and for which the other forms of action gave no remedy."

It is this principle which the plaintiff invokes here. In short his argument is that since a wrong has been committed, there should in justice be a remedy and that this court is not powerless to help protect his interest in the real property against the wrongful acts of his wife.

A tenancy by the entirety is characterized by its " insevera-bility, whereby neither the husband nor the wife, without the assent of the other, can dispose of any part of the estate so as to affect the right of survivorship in the other.   *   *   *   Each is said to be seized of the whole estate   *   *   *." (*Hiles* v. *Fisher,* 144 N. Y. 306, 312.)   Tenants by the entirety are owners of an interest in real estate; the husband " is a tenant in common with the right of survivorship.   So is the wife *   *   *." (*Matter of Goodrich* v. *Vil. of Otego,* 216 N. Y. 112, 116, 117).   Both hold, enjoy and possess the land as " free-holders " (*Matter of Village of Holcomb,* 97 Misc. 241), i.e., holders of title to real estate (*The People* v. *Hynds,* 30 N. Y. 470; *People ex rel. Shaw* v. *Scott,* 8 Hun 566).   They are said to be " tenants in common or joint tenants of the use, each being entitled to dispose of or to charge his or her moiety during the same period by voluntary conveyance, and the moiety of each being subject to levy upon an execution of a judgment against such tenant " (Note, 141 A. L. R. 204; *Hiles* v. *Fisher, supra; Finnegan* v. *Humes,* 252 App. Div. 385, affd. 277 N. Y. 682).

In light of the foregoing characteristics of a tenancy by the entirety it may be argued with some force that the plaintiff has an action for waste as distinguished from " an action on the case for waste " since under section 525 of the Real Prop-erty Law " An action for waste may also be maintained, by a joint tenant or tenant in common, against his co-tenant, who commits waste upon the real property   *   *   *."   But it is unnecessary now to so hold in considering the legal sufficiency of the complaint for a motion under rule 106 of the Rules of Civil Practice must be denied " If in any aspect upon the facts stated the plaintiff is entitled to a recovery ". (*Dyer* v. *Broad-way Central Bank,* 252 N. Y. 430, 432–433; *Condon* v. *Associated Hospital Service,* 287 N. Y 411, 414.)   Equally unnecessary is it to decide upon this motion whether plaintiff's cause of action is " maintainable in equity rather than at law ". (*Lubin* v. *Sydenham Hospital, Inc.,* 261 App. Div. 499; *Abbey* v. *Wheeler,* 170 N. Y. 122, 127.)

In *Hiles* v. *Fisher* (*supra*) it was conclusively established that tenants by the entirety are each entitled to one half of the rents and profits so long as the question of survivorship is in abeyance.   So it was held in two recent cases.   In *T. G. W. Realties, Inc.,* v. *Long Island Bird Store, Inc.* (151 Misc. 918, 924) husband and wife owning property by the entirety had separated and their tenant had received notice from one of

them not to pay the entire rent to the other. The court rendered judgment for the share of the tenant who brought suit for the rent, stating: " Justice will be done by such disposition here, and practical considerations urge it. The parties will probably remain inimical. Litigation will be reduced if each tenant in common receives his own share until survivorship determines the ultimate ownership * * *." *Cornell* v. *Golder* (179 Misc. 757) held similarly. If, as charged in the complaint, the defendant has committed acts which have rendered it impossible to obtain a tenant to part of the premises, the plaintiff being entitled to one half of the rents which would be derived from such tenancy, he has the right to be allowed access for the purpose as stated in paragraph " Third " of the complaint, of permitting him " at his own cost and expense to repair the same premises " — a right which defendant has denied him. Thus at least in that aspect, it is clear that plaintiff has a cause of action based upon sound propositions of law.

There are, moreover, decisions in this State which hold that a tenant by the entirety can sue alone to restrain a third party from injuring the freehold (*Grosser* v. *City of Rochester,* 148 N. Y. 235), or to recover damages for injuries to such interest even if the other tenant by the entirety is barred by reason of the failure to duly file a claim. (*Matter of Goodrich* v. *Vil. of Otego,* 216 N. Y. 112, *supra;* see, also, *D'Angelo* v. *New York Central Railroad Co.,* 209 App. Div. 775; *Mastrofrancisco* v. *Mohawk Gas Co., Inc.,* 201 App. Div. 586; *Gray* v. *State of New York,* 116 Misc. 760; *MacFarland* v. *State of New York,* 177 Misc. 117; *Nightingale* v. *State,* 46 N. Y. S. 2d 525.)

If, as established by the last-cited cases, a tenant by the entirety may alone sue a third party for damages, or to restrain such third party from injuring the freehold, then by analogy or parity of reasoning, it is difficult to see why such suits may not be maintained by one tenant by the entirety against the other where injury has been caused or threatened as the result of acts of the cotenant who, as here, is in sole possession and control of the premises. In this State, husband and wife are no longer under the disability of maintaining suits against the other for tortious acts. Section 57 of the Domestic Relations Law (L. 1937, ch. 669, § 1, eff. Sept. 1, 1937) provides in part: " A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury * * * or * * * in injury to her property, as if they were unmarried, and she is liable to her husband for her wrongful or tortious acts resulting in any such personal

injury to her husband or to his property, as if they were unmarried.''

In light of the foregoing views, the motion is denied with leave to the defendant to serve her answer within ten days of the service of the order hereon, with notice of entry.