FIRST DEPARTMENT, FEBRUARY, 1953.

(February 3, 1953.)

■

WILLIAM HOWARD, Appellant, v. ARTHUR MURRAY, INC., et al., Respondents.

*Per Curiam.* This is an appeal by plaintiff from an order denying his motion to strike two affirmative defenses from defendants' answer. The amended complaint alleges that plaintiff and his former wife conducted, as copartners, dancing schools and studios in Oklahoma, under the name of "Arthur Murray School of Dancing", pursuant to franchise agreements entered into with the corporate defendant; that the partnership was dissolved by mutual agreement September 30, 1948, and that under the terms of said franchise agreements the copartnership was entitled, upon dissolution, to recover from the corporate defendant $15,000 in escrow funds, plus accrued earnings. The complaint further alleges that plaintiff's former wife is a resident of Texas, that she cannot be served with process in this jurisdiction, and that she has refused to join as a coplaintiff in this action which is brought to recover said moneys which belonged to the partnership.

The first defense which plaintiff has moved to strike from the answer alleges that plaintiff is not the sole owner of these funds, but that plaintiff's former wife is a necessary party to the action as owner of a one-half interest. The second defense, also subject to plaintiff's motion, alleges that plaintiff is estopped from maintaining the action as a liquidating partner for the reason that on September 23, 1948, plaintiff and his former wife and partner made a written property settlement, which was approved by the Oklahoma court as part of their divorce decree, providing that the money sued for herein is owned equally by plaintiff and his former wife, and that plaintiff may institute action separately to recover his portion.

Although the amended complaint alleges that this action is being prosecuted by plaintiff as a liquidating partner, the title indicates that the action has really been commenced by plaintiff as an individual. That being so, the affirmative

defenses mentioned are not complete, but at most are partial defenses. If the facts alleged in them are true, plaintiff is entitled to maintain this action individually to recover his undivided half interest in these funds without joining his former wife, at least if it is not practicable to join her as a party (*Keene* v. *Chambers,* 271 N. Y. 326; *Mastrofrancisco* v. *Mohawk Gas Co.,* 201 App. Div. 586; *McParland* v. *State of New York,* 177 Misc. 117; *Bishop* v. *Edmiston,* 16 Abb. Prac. 466; *Soule* v. *Mogg,* 35 Hun 79; *Jackson* v. *Moore,* 94 App. Div. 504; *D'Angelo* v. *New York Central R. R. Co.,* 209 App. Div. 775; *Gray* v. *State of New York,* 116 Misc. 760; cf. 80 A. L. R. 997, and 110 A. L. R. 357).

The order appealed from should be reversed and plaintiff's motion to strike the first and second affirmative defenses from the answer should be granted, with $20 costs and disbursements to appellant, with leave to replead them as partial defenses.

Peck, P. J., Dore, Callahan and Van Voorhis, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted with leave to replead the first and second defenses as partial defenses.