■ CHRISTINE A. BIANCHI, Respondent, v BETTE HOOD, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), entered February 24, 1986, upon a verdict rendered in favor of plaintiff.

The issue before us is whether the jury verdict rendered against defendant is supported by sufficient evidence. We find that the evidence supports the verdict.

County Court directed a verdict on liability in the causes of action alleging ejectment and trespass. A third cause of action for breach of the warranty of habitability was submitted to the jury. In addition, the jury was submitted the question of damages on all causes of action and, also, on the issue of whether defendant's acts constituted wanton and reckless behavior or were malicious so as to justify the imposition of punitive damages. The jury awarded plaintiff $300 for ejectment, $1,000 for pain and suffering, aggravation and mental distress, $200 for trespass, $5,000 as punitive damages and $250 for breach of the warranty of habitability. The court, pursuant to RPAPL 853, trebled the damages for ejectment and pain and suffering.

Addressing defendant's contentions as to the award of damages, we find no basis to disturb the award of $300 for ejectment. This sum represents the additional costs incurred by plaintiff as expenses to secure comparable premises. The record indicates that defendant had not returned the $200 paid by plaintiff in November 1983 to secure the holding of her room for the spring school semester. In addition, plaintiff's new residence cost $740 in rent plus $300 for utilities. Plaintiff's original rent was $850 including utilities. The unreturned $200 deposit plus the $190 excess rent justifies a judgment of $300.

The record also supports the award of $1,000 in damages for pain, suffering and mental distress. The testimony of plaintiff and her father verified the emotional distress suffered by plaintiff and the aggravation to her ankle injury attributable to the search for a new lodging place caused by her unlawful eviction by defendant.

Finally, the jury award of $5,000 in punitive damages must stand. There was found here a flagrant, unlawful interference by defendant with plaintiff's right to enjoy and possess her leased premises. This finding is supported by sufficient evidence. Defendant moved plaintiff's possessions without her permission from the apartment she had leased to her. This was done contrary to plaintiff's express written instructions to the contrary. Such actions justify the award of punitive damages (see, Giblin v Murphy, 97 AD2d 668, lv dismissed 62 NY2d 943; Fisher v Queens Park Realty Corp., 41 AD2d 547).

Defendant's contention that the award of treble damages was improper absent physical force or violence is without merit (see, Maracina v Shirrmeister, 105 AD2d 672; Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp., 100 AD2d 901, affd 64 NY2d 1107).

Judgment affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.