(July 23, 1992)

■ JEANETTE E. CHLYSTUN, Respondent, v WILLIAM H. KENT, II, et al., Appellants.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Smyk, J.), entered November 26, 1990 in Delaware County, upon a verdict rendered in favor of plaintiff.

In 1965 plaintiff and her husband purchased 153 acres of property on Oak Hill Road in the Town of Franklin, Delaware County, and moved to a residence on the property in 1970. Plaintiff's husband later constructed a gate a few feet beyond plaintiff's garage at the end of Oak Hill Road, a dirt road maintained by the Town. In April 1987 defendants, William H. Kent, II (hereinafter Kent, II) and William H. Kent, III (hereinafter Kent, III), purchased 38 acres of land from Lau-

ren Bryden knowing that there were problems with use of the roadway beyond the gate. Defendants claim that the roadway beyond the gate is a continuation of the Town road. Kent, III had, without success, attempted to resolve the roadway problem with plaintiff prior to defendants' purchase of the land. An attorney advised them that there was no problem with use of the roadway as a right-of-way, but warned them of a potential lawsuit.

Plaintiff commenced this action seeking compensatory and punitive damages for, *inter alia,* trespass and destruction of personal property. Defendants answered with a general denial. Following a trial, the jury returned a verdict against both defendants on the trespass cause of action in the amount of $5,000 compensatory damages and $15,000 punitive damages, and against only Kent, II on the destruction of personal property claim in the amount of $5,000 compensatory damages and $15,000 punitive damages. Supreme Court denied defendants' motion to set aside the verdicts as against the weight of the evidence, but later reduced the compensatory damage awards to $1. Supreme Court also refused defendants' request to apportion the awards due to plaintiff's status as a tenant by the entirety as plaintiff's husband would be entitled to share in the damage awards. Judgment was thereafter entered in favor of plaintiff against defendants jointly and severally for $15,001, plus interest and costs, and against Kent, II alone on the destruction action for $15,001, plus interest and costs. Defendants appeal.

Defendants' contention that the verdict on the trespass cause of action should be set aside as against the weight of the evidence is without merit. The evidence presented permitted the jury to find that defendants intentionally entered upon plaintiff's land and wrongly used it without justification or consent *(see, Granchelli v Johnson Bldg. Co.,* 85 AD2d 891; *see also,* 61 NY Jur, Trespass, § 10, at 13). Defendants do not demonstrate that there was so great a preponderance of the evidence in their favor on the issue of trespass that the jury could not have reached its conclusion in favor of plaintiff on any fair interpretation of the evidence *(see, Healy v Greco,* 174 AD2d 877, 878). There was proof that the road beyond the gate was not in use by the public, from which the jury could find that it was abandoned, and the proof was insufficient to establish a prescriptive easement or the nonabandonment of the roadway. Moreover, defendants did not assert in their answer a defense based on prescriptive easement. Defendants did not request a charge on that defense nor did they object to

the failure of Supreme Court to so instruct the jury; defendants have therefore waived it *(see, Frontier Ins. Co. v State of New York,* 172 AD2d 13, 15; *Gunzburg v Gunzburg,* 152 AD2d 537, 538).

We also reject defendants' argument that the punitive damage award in the trespass action was improper, unjustified and excessive. Punitive damages may be awarded in a trespass action as a penalty to the trespasser and as a warning to others where the alleged conduct shows malice, a flagrant interference with the plaintiff's right to possession or other aggravating circumstances *(see, Bianchi v Hood,* 128 AD2d 1007, 1008; *UA-Columbia Cablevision v Fraken Bldrs.,* 114 AD2d 448, 449). Any punitive damage award should be reasonably related to the harm done and the flagrancy of the conduct which caused the harm *(see, Angel v Levittown Union Free School Dist. No. 5,* 171 AD2d 770, 773; *Rupert v Sellers,* 48 AD2d 265, 269). In this case plaintiff testified that defendants used her property repeatedly without permission, widened the roadway and traveled at great speed, showering her with dust and cinders on one occasion. She also said that Kent, II repeatedly used abusive language toward her. We perceive no reason to reduce the award for punitive damages for trespass.

As to the award for punitive damages on the destruction claim against Kent, II, however, we find that the wrongful conduct involved constituted a private wrong *(see, Parkway Windows v River Towers Assocs.,* 108 AD2d 660, 664) and did not amount to flagrant interference with plaintiff's right to possession *(see, Bianchi v Hood, supra).* The acts of destruction that plaintiff attributed to Kent, II were largely based on her surmise and speculation. While she testified that Kent, II dismantled the gate and threw the lock, she admitted that he put the gate back up and replaced some of the old, broken boards with new ones. This factor mitigates against a finding of malice or aggravation warranting an award of punitive damages for the destruction cause of action.

Finally, we reject defendants' claim that Supreme Court improperly refused to apportion the damage award and limit plaintiff's recovery to reflect her interest in the property she owned with her husband as a tenant by the entirety insofar as the punitive damage award is concerned. Although the usual rule regarding ordinary damages is different *(see, D'Angelo v New York Cent. R. R. Co.,* 209 App Div 775, 776; *Mastrofrancisco v Mohawk Gas Co.,* 201 App Div 586, 587-588), the flagrant acts here were directed solely against plaintiff and

personal to her. Plaintiff's husband was absent for years. Supreme Court, therefore, did not err in refusing to apportion the punitive damage award.

Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff punitive damages of $15,000 against defendant William H. Kent, II on the third cause of action, and, as so modified, affirmed.