188 A.D.2d 951 (1992)
Joseph Criscuola et al., Appellants,
v.
Power Authority of the State of New York et al., Respondents
Appellate Division of the Supreme Court of the State of New York, Third Department.
December 31, 1992
Weiss, P. J., Mercure, Crew III and Casey, JJ., concur.
Harvey, J.
*952 On May 14, 1986, defendant Power Authority of the State of New York (hereinafter PASNY) appropriated two easements totaling 6.61 acres of claimants' 95-acre parcel of land located in the Town of Colchester, Delaware County. PASNY acquired the easements in order to construct high voltage power lines as part of the Marcy-South Transmission Line project and also to remove obstructions in close proximity to the power lines. On July 23, 1986, PASNY appropriated another easement over claimants' property which totaled 2.2 acres and was to be used as a 50-foot wide roadway to the power lines.
Claimants thereafter commenced this claim seeking compensation for their direct and consequential damages. Specifically, paragraph "eighth" of the claim seeks unspecified consequential damages by alleging "[t]hat [PASNY] has appropriated claimants' property for the construction of a high voltage transmission line which will render the remainder valueless". Subsequently, claimants successfully moved to have this claim for consequential damages joined for trial with 47 other claims in Zappavigna v State of New York. The Zappavigna claimants essentially asserted that they suffered consequential damages as a result of "cancerphobia", or a public perception that exposure to the electromagnetic fields emitting from power lines pose health issues. The Zappavigna claimants also sought consequential damages for such general adverse effects from high voltage power lines such as visual and noise pollution and interference with radio and television reception. In its decision in Zappavigna, the Court of Claims, inter alia, denied consequential damages for cancerphobia (Ct of Claims, Sept. 29, 1989, McCabe, Jr., J.) and, on appeal, the Second Department affirmed after making a minor modification in the direct damage award (186 AD2d 557).
A trial of the instant claim was held in August 1990 and claimants were precluded from introducing evidence regarding their claim for consequential damages from cancerphobia due to the fact that this claim had been determined in Zappavigna. Claimants were awarded $5,943 in direct damages and no award was made for consequential damages. This appeal by claimants followed.
We affirm. Initially, we must reject claimants' argument that the claim should be remitted to the Court of Claims because the court did not sufficiently view the specific parcel *953 prior to its entry of judgment (see, Court of Claims Act § 12 [4]; EDPL 510 [A]). Claimants failed to preserve this issue for appellate review by neglecting to either raise the issue during trial or moving pursuant to CPLR 4404 (b) on that ground so that the Court of Claims could have corrected any errors which it may have made in rendering its decision. Because neither of these steps was taken, claimants waived appellate review of this issue (see, CPLR 5501 [a]; Chlystun v Kent, 185 AD2d 525).
As for claimants' contention that the Court of Claims erred in denying them consequential damages, we find no basis for reversal. The court appropriately excluded claimants' evidence concerning their property's alleged diminished value due to cancerphobia because Zappavigna v State of New York (supra) afforded claimants an opportunity to fully and fairly litigate this issue (see, Mahota v City of Hudson, 179 AD2d 845, 846, lv denied 79 N.Y.2d 760). While claimants criticize the court for allowing the State's expert witness to testify favorably to the State's position on the effect of power lines on property values, we can find no reversible error because the Court of Claims specifically rejected this testimony.
The remaining arguments have been examined and found unpersuasive. Assuming, arguendo, that claimants effectively raised claims for consequential damages distinct from those adjudicated in Zappavigna, we find no error in their rejection based on the quality of proof presented.
Ordered that the judgment is affirmed, without costs.