*311 OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff is an attorney who paid defendant doctor $3,000 to appear as a witness in court on behalf of plaintiff’s former client in a prior action. Defendant was the treating physician of plaintiff’s former client. Before defendant appeared as a witness in court in that action, it was settled. Plaintiff is now suing defendant for unjust enrichment because defendant has refused to return to plaintiff the $3,000 fee. Plaintiff moves for leave to add his former client as a second-party plaintiff. Defendant cross-moves for summary judgment dismissing the complaint.
CPLR 1002 provides for permissive joinder of parties to an action. CPLR 1002 (a) states: "Persons who assert any right to relief jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions or occurrences, may join in one action as plaintiffs if any common question of law or fact would arise.” (Emphasis added.) The provision says "may” join, not "may be joined”, as is found in CPLR 1002 (b) as to adding party defendants. As to necessary joinder of parties, CPLR 1001 (a) implicitly requires consent of a party to join as a party plaintiff because it states: "When a person who should join as a plaintiff refuses to do so, he may be made a defendant.” CPLR 1003 does provide that the court may on motion of a party or sua sponte add parties, but to the extent that this provision may give a court the power to add a new party plaintiff, the court will not exercise its discretion to do so under the circumstances here.
Plaintiff does not submit an affidavit from his former client or his former client’s guardian, or even assert that his former client wishes to join this action as a party plaintiff or has declined to do so. Thus, plaintiff does not show his former client’s desire or consent to become a party plaintiff in this action, or a refusal to do so. Furthermore, plaintiff’s former client is not a necessary party to this action, as plaintiff can proceed on the part of the claim that is due to him without joining his former client as a party to this action (see, discussion below; cf., Howard v Arthur Murray, Inc., 281 App Div 806 [1st Dept 1953] [where it was held that the plaintiff could continue an action for his undivided one-half interest in property without joining his former wife as a party, at least where it was not practicable to join her as a party]). Therefore, the former client of plaintiff will not be joined as a party plaintiff.
*312 Defendant’s cross motion is grounded on the arguments that the complaint fails to state a cause of action and that plaintiff lacks standing to sue in this action. The complaint is an indorsed complaint. It has one cause of action seeking money damages for unjust enrichment. In an indorsed complaint seeking money damages in Civil Court, a plaintiff need assert only the nature and substance of the cause of action (CCA 902 [a] [1]; Freliba, Ltd. v Essential Dental Sys., NYLJ, June 28, 1994, at 25, col 6 [App Term, 1st Dept]). There is no allegation that a contract existed between the parties, and thus unjust enrichment is the appropriate claim for plaintiff to plead (Bauman Assocs. v H & M Intl. Transp., 171 AD2d 479, 484 [1st Dept 1991]). Under the circumstances, plaintiff may have a meritorious cause of action for money that he paid to defendant (see, Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972]). It is uncontested that defendant did not appear in court. Thus, it certainly would seem to be inequitable to let defendant retain the entire fee that he charged plaintiff and plaintiff’s former client. There is no affidavit from defendant demonstrating that, although he did not appear in court, he lost medical fees by setting aside the time to appear in court and consequently was unable to see patients in his office.
However, plaintiff admits that of the $3,000 sought, $2,000 is owed to his former client and only $1,000 to him. Clearly, plaintiff has standing to assert the claim as to the $1,000 due to him. He does not have standing as to the $2,000 due to his former client, and the complaint fails to state a cause of action as to that part of the claim. Therefore, partial summary judgment must be granted to defendant dismissing so much of the claim as exceeds $1,000. The former client will have to bring his own action as to his claim or join in this action in a proper manner.