OPINION OF THE COURT
Richard F. Braun, J.
These are two actions between the same parties. The first contains causes of action for trespass, breach of contract, and conversion. The causes of action of the second action are negligence, breach of contract, and negligent infliction of emotional distress. Defendants move to dismiss the cause of action for negligent infliction of emotional distress and to consolidate the two actions. Plaintiff moves to compel discovery or strike defendants’ answers, and/or to "suppress” affirmative defenses, or render judgment for plaintiff by default, and for an order requiring defendants to implead other parties or dismiss the third affirmative defense of defendants.
 Plaintiff bases its cause of action for negligent infliction of emotional distress on the alleged repeated discharge of a waste pipe into plaintiff’s premises. The cause of action for negligent infliction of emotional distress must be dismissed. No such cause of action exists on behalf of a corporation, which is what plaintiff is. Obviously, only an individual can suffer emotional distress, not a legally created entity such as a corporation. Although plaintiff suggests that amendment of the complaint to assert the claim on behalf of plaintiff’s president would be preferable to dismissal thereof, dismissal is required. The reasons that amendment cannot be granted are many: no motion to amend is made; no proposed amended complaint is submitted (see, Goldner Trucking Corp. v Stoll Packing Corp., 12 AD2d 639, 640 [2d Dept 1960] [and the cases cited therein]); there is no showing that plaintiff’s president wants to join as a party plaintiff the action in which the cause of action was raised (see, Ruderman v Weseley, 166 Misc 2d 310 [Civ Ct, NY County]); and it does not appear that, under the circumstances, he would have a cause of action in his own right (see, Kennedy v McKesson Co., 58 NY2d 500, 506 [1983]; Stanley v Smith, 183 AD2d 675, 676 [1st Dept 1992]).
*355 Plaintiff has no objection to a joint trial of these two actions. Defendants have not demonstrated sufficiently that the actions should be consolidated (see, Heydt Contr. Corp. v Tishman Constr. Corp., 163 AD2d 196, 197 [1st Dept 1990]). There is no affidavit as to the merits from either party. Furthermore, consolidation of an action in negligence and one in contract is inappropriate (supra). Thus, this branch of defendants’ motion will only be granted to the extent of ordering a joint trial of the two actions.
Plaintiff requests that defendants be ordered to implead third parties or that this court dismiss defendants’ third affirmative defense that any negligence was caused by third parties over whom defendants had no control. There is no authority that permits a court to order a defendant to implead third parties. CPLR 1007 permits a defendant to proceed against a third party or parties. The rules of third-party practice give a defendant the option to do so if the defendant wishes to assert a claim against a nonparty who would be liable to the defendant for all or part of the plaintiffs claim against the defendant. A court cannot force a defendant to do so. Plaintiff here can sue any party or parties that it wishes and obtain any appropriate disclosure from defendants, or from any nonparty or nonparties, regarding such party or parties that it desires (see, CPLR 3101 [a]). Plaintiff has not shown any basis to dismiss or "suppress” the third affirmative defense or any others.
The requests of plaintiff to strike defendants’ answers or to render judgment for plaintiff by default for the alleged failure of defendants to comply with discovery requests must be denied. Plaintiff has not demonstrated that defendants acted willfully or violated a court order for discovery (CPLR 3126; Henry Rosenthal, Inc. v Bower & Gardner, 161 AD2d 374 [1st Dept 1990]).
Plaintiff served a demand for an authorization to obtain the entire claims file of defendants’ insurance company, including reports of independent investigators. Generally, reports of such investigators made before a claim is rejected are discoverable (Paramount Ins. Co. v Eli Constr. Gen. Contr., 159 AD2d 447 [1st Dept 1990]; see, E. Cuker, Inc. v New York Prop. Ins. Underwriting Assn., 98 AD2d 621 [1st Dept 1983]). Those made after a claim is rejected are not, unless a party can meet its burden under CPLR 3101(d) (2). Plaintiffs demand is over-broad and cannot be enforced. This holding is without prejudice to plaintiffs attempting to more narrowly tailor its request through a new demand.
*356 As to plaintiff’s interrogatories and demands, dated February 24, 1995, plaintiff has not specified to what part of defendants’ response to interrogatories it objects other than paragraph 6 thereof and the only document that plaintiff claims was produced by defendants as part of the response. Defendants’ reply in paragraph 6 is sufficient. Plaintiff did not submit with its motion papers a document enumerated as exhibit 1 (according to plaintiff), or exhibit A or B (according to defendants). Plaintiff did not mark the only document that plaintiff annexed to its moving papers after the copy of this response to interrogatories attached thereto. Defendants’ attorney’s reply to plaintiff’s objection is contained in paragraph 15 of his affirmation. The second sentence is hearsay; there is no affidavit from defendants. If the unmarked document is all that was produced in reply to paragraph 2a of plaintiff’s interrogatories and demands, defendants must reply further within 20 days of service of a copy hereof, with notice of entry, by amendment or supplementation of its response, pursuant to CPLR 3101(h), by producing a further document or documents and/or adding to its statement in reply. The copy of the second page of defendants’ response is cut off on top so that the court cannot read the entire paragraph 3. The word "etc.” in paragraph 12 of the response is palpably improper. Defendants must amend or supplement their response in paragraph 12, as set forth above.
 As to plaintiff’s interrogatories and demands second set, dated May 1, 1995, part of paragraph 3 of the copy of the response to second set of interrogatories is cut off, but the reply appears to be adequate, subject to defendants’ obligations under CPLR 3101(h). The reply in paragraph 5 of the response is inadequate. Defendants should have the knowledge to specify "the amounts and time received” or explain why they could not do so. Defendants must amend or supplement their response, as set forth above. As to paragraph 6, defendants should be able to obtain any other needed proof(s) of service of the summons and complaint from the court file, if plaintiff’s counsel will not supply same. To the extent that plaintiff has now supplied an affidavit of service, defendants can, and must, amend or supplement their response to paragraph 6, as set forth above. Defendants’ replies to paragraphs 7, 8, and 9 are inadequate. Defendants do not specifically object to paragraph *357 8, or move for a protective order pertaining to the interrogatories. Their reply is conclusory. Defendants must amend or supplement their replies to paragraphs 7, 8, and 9 through further specificity or a statement that they cannot specify further, and why they cannot, as set forth above.